

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 5 2010

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| CHASTITY LYNN FAULKNER (1) | § | No. 3:09-CR-249-D |
| MICHAEL BLAINE FAULKNER (2) | § | (Supersedes Indictment |
| BRIAN PATRICK HANEY (3) | § | returned on Sept. 2, 2009) |
| ERIC BYRON LITTLEJOHN II (4) | § | |
| NATHAN TODD SHAFER (5) | § | |
| MATTHEW NORMAN SIMPSON (6) | § | |
| ALICIA NICOLE CARGILL SMALLWOOD (7) | § | |
| JASON CARTER WATTS (8) | § | |
| WILLIAM MICHAEL WATTS (9) | § | |
| LOGAN L. VIG (10) | § | |
| ARYA NEAL BEHGOOY (11) | § | |
| CHRISTOPHER WAYNE SIGLER (12) | § | |
| MARCUS WILLIAM WENTRCEK (13) | § | |
| VALERIAN JAMES STOCK (14) | § | |
| RICKY J. KEELE (15) | § | |
| DMITRI SIIATSKI (16) | § | |
| MILOS VUJANIC (17) | § | |
| JENNIFER JO GILLILAND (18) | § | |
| CASIMIR A. WOJCIECHOWSKI (19) | § | |
|       also known as Casey | § | |

**INDICTMENT**

The Grand Jury Charges:

INTRODUCTION

At all times material to this indictment:

Terms

1.    Telecommunications was defined as the exchange of information over significant

**Superseding Indictment - Page 1**

distances by electronic means, using telephones and the internet. "Telecom" or "Telco" were general terms for all companies providing telecommunication services.

2.      Incumbent local exchange carriers (ILEC) were the traditional telecoms, such as AT&T, Verizon, Qwest, etc. An ILEC was defined by the Federal Communications Commission (FCC) as the dominant carrier within a geographic area.

3.      A competitive local exchange carrier (CLEC) was a smaller telecom which offered local telecommunication services and competed with an ILEC. A CLEC was required to have a telephone switch, satisfy state regulations, pay significant filing fees and also make its services available to outside customers.

4.      Smaller CLECs often used and paid a fee to use the lines established by ILECs and other larger CLECs.

5.      The calling party could communicate with the receiving party through a voice transmission using telephones, a data transmission using modems, or a facsimile transmission using fax machines. The transmissions would occur over a network created by the ILECs and larger CLECs. The transfer from one line to another in the network occurred through digital switches. Digital switches worked by connecting two or more digital circuits together, corresponding to a dialed telephone number.

6.      Voice over Internet (VoIP) was a general term for the technology facilitating the delivery of voice communications over networks such as the Internet or other packet-switched networks.

**Superseding Indictment - Page 2**

7.      An LOA-CFA (Letter Of Authority and Customer Facility Assignment) typically referred to the document issued by a Telecom carrier to another carrier giving them permission to use a specified facility assignment for interconnection.

8.      Bandwidth referred to how much data can be transmitted through a network or modem connection.

9.      Instant messaging (IM) was a form of real-time communication over the internet between two or more people based on typed text.

10.     A colocation provider was a company that rented computer rack space and bandwidth to other companies.

11.     A remailer was a service that provided anonymity to the sender of an email or newsgroup post by acting as an intermediary between the sender and receiver.

12.     A domain name was a logical, text-based equivalent of the numeric Internet Protocol (IP) address.  An IP address was a unique, 32 bit numeric address used to identify computers on the Internet.

13.     In or about May of 1997, the FCC adopted rules that mandated that telecoms pay into a federal program called the Universal Service Fund (USF).  The telecoms were required by the FCC, to pay a percentage of their revenues for state-to-state and international services into the USF. The Universal Service Fee was the fee passed from the telecoms to their customers to satisfy this obligation.

## Defendants and Related Entities

14.     A+ American Discount Telephone LLC (ADT) was a Texas limited liability corporation created on or about August 30, 2001, and maintained its business addresses in Waxahachie, Texas, and in Ovilla, Texas.  ADT was owned by a person known to the Grand Jury and employed defendants **Matthew Norman Simpson** and **Christopher Wayne Sigler**.

15.     Aesir Corporation (Aesir) was incorporated in the State of Texas on or about October 22, 2001.  Defendant **Michael Blaine Faulkner** was its CEO and registered agent in Longview, Texas.  Defendant **Valerian James Stock** was an officer.  In or about May 2002, the registered agent changed to a person known to the Grand Jury in Longview, Texas.  In or about August 2004, the registered agent changed back to **Faulkner** at 2323 Bryan Street #2190, Dallas, Texas.  On or about December 6, 2004, a corporate article of amendment was filed with the Texas Secretary of State which changed the name of the corporation to Union Datacom Corporation (UDC).  **Faulkner** was its president and registered agent at 2323 Bryan Street #2190, Dallas, Texas. A person known to the Grand Jury was its COO and **Stock** was its CFO.  In or about May 2007, the registered agent was also changed to **Stock** on Park Lane in Dallas, Texas.

16.     Aston Technology was incorporated in the State of Nevada on or about November 13, 2006.  Defendants **Michael Blaine Faulkner** and **Marcus William Wentrcek** were the applicants and Aston Technology was registered in Las Vegas, Nevada.  **Faulkner**

**Superseding Indictment - Page 4**

later applied for credit cards in the name of a person known to the Grand Jury and Aston Technology.

17.     Clear Voice Calling and Clear VoIP Calling, also known as CVC CLEC, LLC (CVC) was an Arizona limited liability corporation created on or about November 4, 2008.  CVC was registered in Texas on or about November 24, 2008.  CVC maintained its business address at 2922 South Roosevelt Street, Tempe, Arizona.  A person known to the Grand Jury was its Texas registered agent in Austin, Texas.

18.     CommPartners, LLC was a Nevada limited liability corporation created on or about December 31, 2003.  CommPartners was registered in Texas on or about July 20, 2004, and assumed the name CP Telco LLC.  CT Corporation System was its registered agent at 350 North Saint Paul Street, Dallas, Texas.

19.     Core IP Networks was incorporated in the State of Texas on or about April 5, 2005.  Defendant **Matthew Norman Simpson** was its manager and registered agent at 8641 Glenturret Dr., Ovilla, Texas and P.O. Box 2116, Red Oak, Texas.

20.     Cost Plus Communications was a Michigan limited liability corporation formed on March 16, 2005, and registered in Texas on or about May 30, 2006.  Defendant **Casimir A. Wojciechowski** and a person known to the Grand Jury were its managers.  A person known to the Grand Jury was its Texas registered agent in Austin, Texas.

21.     Colo Exchange LLC was a Texas limited liability corporation created on or about October 11, 2004.  Defendants **Matthew Norman Simpson** and **Arya Neal Behgooy**

were its managers and **Simpson** was its registered agent at P.O. Box 2116, Ovilla, Texas.

22.     Crydon Technology Corporation was incorporated in the State of Texas on or about April 4, 2008. Defendants **Matthew Norman Simpson** and **Michael Blaine Faulkner** were its directors at 1950 Stemmons Fwy #2045, Dallas, Texas, and a person known to the Grand Jury was its registered agent.

23.     Express Electronics Incorporated (EEI) was incorporated in the State of Texas on or about February 11, 2000. Defendant **Michael Blaine Faulkner** was EEI's president, director, and registered agent. EEI maintained addresses in Hallsville, Longview, and Keller, Texas. On or about February 25, 2008, the corporate name of EEI changed to Crydon Capital Corporation. **Faulkner** was its president and registered agent at 1950 N. Stemmons Fwy #2045, Dallas, Texas. A person known to the Grand Jury became its registered agent on or about May 13, 2008.

24.     Express Telephone Services Inc. (ETS) was incorporated in the State of Texas on or about September 1999. A person known to the Grand Jury was its director and registered agent in Fort Worth, Texas. ETS did business as Express Telecommunications, PhonePayment.net, Quick Phone Communications, Phone Plus, and Voice One Communications.

25.     IBFA Acquisition Company LLC (IBFA) was a Michigan limited liability corporation registered in Texas on or about February 22, 2005. Its managers were defendant **Casimir A. Wojciechowski** and a person known to the Grand Jury. Another

person known to the Grand Jury was its Texas registered agent in Austin, Texas. IBFA assumed the name Farm Bureau Connection (FBC) in or about August 2005.

26.     Intelivox Incorporated was incorporated in the State of Texas on or about February 12, 2008, and maintained a business address in Southlake, Texas. Defendant **Michael Blaine Faulkner** was its director and registered agent at 1950 Stemmons Fwy #2045, Dallas, Texas. The registered agent was changed to a person known to the Grand Jury at 2816 Bedford Rd., Bedford, Texas on or about May 19, 2008.

27.     Lone Star Power LLC was a Texas limited liability corporation created on or about August 2, 2005. Defendant **Matthew Norman Simpson** was its manager and registered agent at P.O. Box 2116, Ovilla, Texas. On or about May 30, 2008, the registered agent was changed to a person known to the Grand Jury at 2816 Bedford Road, Bedford, Texas. On or about June 24, 2008, a corporate article of amendment was filed with the Texas Secretary of State which removed **Simpson**, and named defendant **Eric Byron Littlejohn II** as the manager.

28.     Neotech Holding Corporation was incorporated in the State of Texas on or about November 30, 2007. Defendant **Michael Blaine Faulkner** was its president, director, and registered agent at 1950 Stemmons Fwy #2045, Dallas, Texas. In or about June 2008, the registered agent was changed to a person known to the Grand Jury. On or about November 20, 2008, the registered agent was changed to another person known to the Grand Jury on Empire Central in Dallas, Texas. On or about December 2, 2007, a

certificate of amendment was filed with the Texas Secretary of State which added other persons known to the Grand Jury as secretary and director. On or about December 15, 2008, the corporation assumed the name of Neotech Communications. On or about December 18, 2008, a certificate of correction was filed which removed **Faulkner** as its director.

29.    NTS Consulting, Inc. (NTS) was incorporated in the State of Texas on or about August 17, 2001. Defendant **Nathan Todd Shafer** was its director and registered agent in Irving, Texas. NTS changed its name to Incavox, Inc. on or about November 20, 2008. Persons known to the Grand Jury were named as its registered agent on Northwest Hwy in Dallas, Texas, and its secretary and director.

30.    Pat Ward Management Corporation was incorporated in the State of Texas on or about December 9, 2008. A person known to the Grand Jury was its president, director, and registered agent on Empire Central in Dallas, Texas. Other persons known to the Grand Jury were named as directors.

31.    Premier IP, LLC was a Texas limited liability corporation created on or about August 9, 2006. Defendant **Michael Blaine Faulkner** was its manager and registered agent at 2020 Live Oak #400, Dallas, Texas. On or about July 5, 2007, the registered agent was changed to defendant **Valerian James Stock** on Park Lane in Dallas, Texas. **Stock** was also named as the president of the corporation.

32.     Premier VoIP Incorporated was incorporated as a limited liability corporation in the State of Texas on or about December 7, 2006. Defendants **Michael Blaine Faulkner** and **Marcus William Wentrcek** were directors and **Faulkner** was its registered agent at 2020 Live Oak #400, Dallas, Texas. On or about May 3, 2007, the registered agents's address was changed to 1950 Stemmons Fwy #2045, Dallas, Texas. On or about May 1, 2008, the registered agent was changed to a person known to the Grand Jury at 2816 Bedford Road, Bedford, Texas. On or about December 18, 2008, a corporate certificate of amendment was filed with the Texas Secretary of State which removed **Faulkner** and **Wentrcek** as directors, and named a person known to the Grand Jury as director. On or about March 4, 2009, a corporate certificate of amendment was filed which changed the corporate name to Neuvox Incorporated on Empire Central in Dallas, Texas.

33.     SC Telephone, LLC was a Texas limited liability corporation created on or about August 27, 2003. Defendant **Matthew Norman Simpson** was its manager and registered agent in Red Oak, Texas, and at P.O. Box 2116, Ovilla, Texas. On or about December 15, 2008, a corporate article of amendment was filed with the Texas Secretary of State which named persons known to the Grand Jury as the registered agent at 8500 Stemmons Fwy #4015-G, Dallas, Texas; the secretary; and the vice president.

34.     SC TXLink, LLC was a Texas limited liability corporation created on or about November 21, 2003. Defendant **Christopher Wayne Sigler** was its registered agent in Waxahachie, Texas. Defendant **Matthew Norman Simpson** and a person known to the

Grand Jury were its managers. On or about March 26, 2004, a corporate article of amendment was filed with the Texas Secretary of State which named **Simpson** as the registered agent at 8641 Glenturret Dr. #200, Ovilla, Texas, and removed the person known to the Grand Jury as manager. SC TXLink also used the names Dialup Solutions and Servicio Telefonico Residencial.

35. Solarity Communications LLC was a Texas limited liability corporation created on or about July 10, 2007. Defendants **Matthew Norman Simpson** and **Arya Neal Behgooy** were managers, and **Behgooy** was its registered agent at 15934 Knoll Trail Dr., Dallas, Texas. On or about June 12, 2009, a corporate article of amendment was filed with the Texas Secretary of State which removed **Simpson** as manager.

36. Symatec Communications, LLC was a Texas limited liability corporation created on or about June 10, 2003. Defendant **Matthew Norman Simpson** was its manager and registered agent in Red Oak, Texas and at 8641 Glenturret Dr., Ovilla, Texas. On or about October 31, 2005, a corporate article of amendment was filed with the Texas Secretary of State which changed the manager and registered agent to a person known to the Grand Jury.

37. Tel United, LLC was a Texas limited liability corporation created on or about September 20, 2006. Defendant **Arya Neal Behgooy** was its registered agent, director, and president. Defendant **Matthew Norman Simpson** was its director and vice president. The corporate address provided to the Secretary of State was 15934 Knoll

Trail Dr., Dallas, Texas.

## Addresses

38.   Defendant **Matthew Norman Simpson** maintained

a. a residence at and conducted business from 8641 Glenturret, Ovilla, Texas

(Ovilla and Red Oak are interchangeable);

b. a mail box at P.O. Box 2116, Red Oak, Texas;

c. computers and computer networking equipment at 2323 Bryan Street #700,

cage 3, Dallas, Texas;

d. computers and computer networking equipment at 2323 Bryan Street #2440,

cage 3, Dallas, Texas.

39.   Defendant **Michael Blaine Faulkner** maintained

a. two residences from which he maintained computers and computer equipment

used to facilitate the operations of Union Datacom, Crydon, Intelivox, Premier

VoIP, and others in Keller, Texas until 2007 and thereafter in Southlake, Texas;

b. computers and computer networking equipment for Aesir at 2323 Bryan Street,

Dallas, Texas, and 1950 Stemmons Fwy, Dallas, Texas;

c. a mail box in Southlake, Texas.

d. the web site www.uwwwb.com using computers located at his various

businesses. **Faulkner** used the online names of CygonX and Sean Dillon to

control www.uwwwb.com. **Faulkner** used the name CygonX for many of his

online accounts; and

e.  P.O. Box 965 Grapevine, Texas, under the name of Aston Technology.

40.     Defendants **Matthew Norman Simpson** and **Michael Blaine Faulkner**
maintained the businesses

a.  Union Datacom and Premier VoIP, and computers and computer networking

equipment at 2020 Live Oak #400, Dallas, Texas; and

b.  Crydon and Premier VoIP, and computers and computer networking equipment

at 1950 Stemmons Fwy #2045, Dallas, Texas.

41.     Defendant **Brian Patrick Haney** obtained a mail box at 6009 W. Parker Rd.,
Plano, Texas.  Defendant **Michael Blaine Faulkner** was an authorized user of the mail
box.

42.     Defendant **Nathan Todd Shafer** obtained the leases for Incavox Northwest Hwy
in Dallas, Texas, and for Neotech Holding Solutions on Empire Central in Dallas, Texas.

43.     Defendant **Dmitri Siiatski** obtained a lease at 1509 Main, Dallas, Texas.

44.     Defendant **Arya Neal Behgooy** maintained a residence at 15934 Knoll Trail Dr.,
Dallas, Texas.

## COUNT ONE
Conspiracy to Commit Wire and Mail Fraud
(18 U.S.C. §1349 (§§1341 and 1343))

1.      The Grand Jury realleges and incorporates the Introduction and Counts Two

through Eight of the Superseding Indictment.

2.      From at least in or about March 2003 and continuing through in or about July

2009, in the Dallas Division of the Northern District of Texas and elsewhere, defendants

**Chastity Lynn Faulkner, Michael Blaine Faulkner, Brian Patrick Haney, Eric**

**Byron Littlejohn II, Nathan Todd Shafer, Matthew Norman Simpson, Alicia Nicole**

**Cargill Smallwood, Jason Carter Watts, William Michael Watts, Logan L. Vig,**

**Arya Neal Behgooy, Christopher Wayne Sigler, Marcus William Wentrcek,**

**Valerian James Stock, Ricky J. Keele, Dmitri Siiatski, Milos Vujanic, Jennifer Jo**

**Gilliland, Casimir A. Wojciechowski** also known as Casey, and others known and

unknown to the Grand Jury did unlawfully, willfully, and knowingly combine, conspire,

confederate, and agree among themselves, with each other, and with other persons, to

commit offenses against the United States, to wit: to devise a scheme or artifice to

defraud and to obtain money or property by means of false or fraudulent pretenses,

representations, or promises, and did knowingly 1)  place and cause to be placed in any

post office or authorized depository for mail matter, any matter or thing whatever to be

sent or delivered by the Postal Service, and deposit or cause to be deposited any matter or

thing whatever to be sent or delivered by any private or commercial interstate carrier, and

2) transmit or cause to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds; for the purpose of executing such scheme or artifice to defraud various telecommunications companies; including AT&T, Verizon, XO Communications, SMARTnet VOIP, Waymark Communications; the lessors of properties including 2020 Live Oak, Dallas, Texas, 2323 Bryan Street, Dallas, Texas, and 1950 Stemmons Fwy; various financial institutions, leasing companies, and creditors, including Wells Fargo, AT&T Capital Services, and the credit reporting agencies; and various other service providers, such as power companies, insurance companies, air conditioning companies, web site developers and others; for goods and services having an aggregate value estimated in excess of $15,000,000.00.

## MANNER AND MEANS

It was part of this conspiracy that one or more of the conspirators:

3.      Made false representations in order to obtain goods, such as computer and telecommunications equipment and infrastructure, to include racks to hold computer equipment, generators to provide power for the equipment, and office space to install the equipment; and services related to the operation and use of computers and telecommunications.

4.      Created, purchased, and used multiple companies (shell companies) for the purpose of hiding the true identities of the owners or operators of the companies, or the

relationships between the companies.

5.      Established P.O. Boxes, commercial remailer services, shell offices, apartments, or

other physical locations for the purpose of hiding the true identities of the owners or

operators of the companies, or the relationships between the companies.

6.      Assumed multiple identities that were not their true identities for the purpose of

hiding the true ownership and nature of the shell companies.

7.      Made materially false representations to their victims either by mail, fax,

telephone, email, or other communications method in order to obtain goods and services

from their victims.

OVERT ACTS

        In furtherance of the conspiracy and its objects, the named defendants, and others

known and unknown to the Grand Jury, committed the following overt acts, among others

in the Dallas Division of the Northern District of Texas, and elsewhere:

Overt Acts related to A+ American Discount Telephone (ADT)

8.      On or about July 16, 2003, defendants **Matthew Norman Simpson** and

**Christopher Wayne Sigler** and a person known to the Grand Jury emailed one another

about providing advice to telecommunications companies concerning increasing revenues

by adding in a Universal Service Fee.  They discussed the Federal Government's

aggressive investigations regarding the overcharging of such fees.

9.      In or about March 2003, defendant **Simpson** assumed control of ADT and used SC

TXLink to service ADT's customers.

10.     On or about March 24, 2004, defendant **Simpson** emailed ADT's clients and

represented that ADT had been a fraudulent enterprise which had operated without

licenses, falsified records, charged services without authorization to their clients and then

refused to pay for services, and that the company had relocated to Las Vegas in order to

avoid having its assets seized.

Overt Acts related to Express Telephone Services (ETS)

11.     In 2003 and 2004, a person known to the Grand Jury, doing business as ETS,

incurred charges with Southern Bell Corporation (SBC) and did not pay.  SBC merged

with AT&T, and sued ETS and the person known to the Grand Jury for nonpayment.

ETS filed for Chapter 11 Bankruptcy in the Northern District of Texas in or about

February 2004.

12.     The person doing business as ETS transferred ETS's customers to Symatec.

Defendant **Matthew Norman Simpson** sold Symatec to the person doing business as

ETS.  Another person known to the Grand Jury was listed in documents filed with the

Texas Secretary of State as the new owner of Symatec.

13.     In or about December 2003, defendant **Matthew Norman Simpson** doing

business as Symatec, executed an agreement in which Symatec took over ETS's

customers for $50,000.

**Superseding Indictment - Page 16**

14.    On or about August 11, 2005, a person known to the Grand Jury and defendant **Matthew Norman Simpson** emailed each other regarding **Simpson**'s fraudulent sale of Symatec to this person.  They discussed in whose name they should place the company in order to avoid "getting in trouble."

Overt Acts related to Symatec

15.    In or about December 2005, defendant **Matthew Norman Simpson** doing business as Symatec, executed a bill of sale for Symatec to a person known to the Grand Jury, and misrepresented the sales price and the true owner.

Overt Acts related to SC TXLink

16.    Beginning in or about April 2004 and continuing through in or about April 2005, defendant **Matthew Norman Simpson** applied for and collected unemployment payments from the State of Texas by falsely claiming to be unemployed.  During this same time, **Simpson** earned income directly and indirectly from SC TXLink, Symatec, and ETS.

17.    On or about November 11, 2005, defendant **Matthew Norman Simpson** mailed a letter to Experian, a credit reporting agency, falsely stating that he was not employed by Symatec or ADT, and that he was not associated with Box 2116, Red Oak, Texas.

18.    On or about February 14, 2006, defendant **Alicia Nicole Cargill Smallwood** and others mailed letters to various ETS customers requesting payment for services rendered by ETS prior to or during ETS's pending bankruptcy, and attempted to collect monies

from these customers that were owed to SBC.

19.    On or about June 6, 2006, defendants **Matthew Norman Simpson** and **Alicia Nicole Cargill Smallwood** communicated using instant messaging about the diversion of checks made payable to CommPartners to bank accounts controlled by **Simpson** and **Smallwood**. During the following 45 days, **Simpson** and **Smallwood** deposited in excess of 10 checks made payable to Commpartners into **Simpson**'s account at Citizen's National Bank of Texas.

20.    On or about November 10, 2006, defendant **Matthew Norman Simpson** emailed defendant **Michael Blaine Faulkner** and instructed him to defraud CommPartners by 1) denying receipt of CommPartners's bill; 2) asking for an extension of time to delay the process; and 3) requesting a payment arrangement and a new contract which they did not intend to honor.

Overt Acts related to Camophone

21.    On or about October 30, 2004, AT&T discontinued service to a phone number belonging to ETS (214.658.8200) after determining that the number had been used by a spoofing service known as Camophone.com. On or about November 30, 2004, defendant **Matthew Norman Simpson**, doing business as ETS, telephoned AT&T and requested the restoration of telephone service to 214.658.8200, claiming that the number had been reassigned from ETS to defendant **Alicia Nicole Cargill Smallwood** of TXLink. **Simpson** did not disclose his ownership interest in either Camophone or TXLink to

AT&T.

22.     On or about December 8, 2004, defendant **Matthew Norman Simpson**, doing business as ETS, emailed AT&T to deny his involvement in Camophone.

23.     On or about January 7, 2005, defendant **Matthew Norman Simpson**, doing business as ETS, emailed AT&T and assured AT&T that the spoofed calls had stopped, and again requested the restoration of telephone service to 214.658.8200.

24.     Between on or about October 18, 2004 and in or about July 2005, defendant **Matthew Norman Simpson** received payments in his Symatec and TXLink PayPal accounts which were owed to Camophone.

Overt Acts related to Core IP

25.     On or about April 18, 2006, defendant **Matthew Norman Simpson** directed defendant **Christopher Wayne Sigler** through instant messaging to move the TXLink equipment from 2323 Bryan Street, Dallas, Texas, to 2020 Live Oak, Dallas, Texas, in order to compete with CommPartners as Core IP in direct violation of the agreement **Simpson** had with CommPartners as an employee of CommPartners.

26.     Defendant **Matthew Norman Simpson** partnered with defendant **Casimir A. Wojciechowski** in the operation of Cost Plus Communications and IBFA Acquisition Company, doing business as Farm Bureau Connection and Farm Bureau Inc.  Cost Plus Communications and IBFA operated numerous telephone exchanges, including an exchange consisting of the telephone numbers 214-586-0000 through 214-586-1000.

**Simpson** and **Wojciechowski** allowed other persons known and unknown to the Grand Jury to use these telephone numbers to make numerous calls in violation of telemarketing rules, including calling individuals on the do not call list and calling cell phones instead of land lines.

27.    Defendants **Matthew Norman Simpson** and **Casimir A. Wojciechowski** used Cost Plus Communications and IBFA to hide clients with whom **Simpson** consulted, such as Cloudvoice Telecom LLC.

28.    On or about May 9, 2006, defendants **Matthew Norman Simpson** and **Christopher Wayne Sigler** discussed through instant messaging the best way to transfer CommPartners' customers away from CommPartners to Core IP.  **Simpson** and **Sigler** discussed through instant messaging which domain name had been reserved to conceal their identities, and which domain name should be used when they took the customers.

29.    On or about May 10, 2006, defendants **Matthew Norman Simpson** and **Christopher Wayne Sigler** discussed through instant messaging forging the signature of a CommPartners' executive on an agreement with Level3 Communications for their new competing company in order to cause CommPartners to pay the service bill instead of them.

30.    On or about January 8, 2007, defendant **Marcus William Wentrcek** emailed defendants **Michael Blaine Faulkner, Logan L. Vig, Milos Vujanic,** and **Valerian**

**James Stock** regarding the decision to answer the telephones as Core IP for the immediate future in anticipation of a technical problem.

31.     On or about July 10, 2008, defendant **Matthew Norman Simpson** emailed defendant **Michael Blaine Faulkner** and directed him to manufacture a realistic looking LOA/CFA from AT&T to use to fraudulently obtain telecom service. **Faulkner** emailed defendant **William Michael Watts** and directed him to do this for **Simpson**.

32.     Throughout late 2007 and most of 2008, defendant **Matthew Norman Simpson** communicated with Bandwidth.com through faxes, telephone calls, and emails, resulting in **Simpson** and defendant **Casimir A. Wojciechowski** selling Cost Plus Communications to Bandwidth. **Simpson** and **Wojciechowski** intentionally failed to disclose the liabilities associated with Cost Plus Communications, resulting in a loss of approximately $800,000 to Bandwidth.com.

Overt Acts related to ColoExchange

33.     In or about October 2005, defendant **Matthew Norman Simpson** directed defendant **Arya Neal Behgooy** to prepare a resignation from ColoExchange in order to remove **Behgooy**'s name from the company, and directed him to backdate the document to August 1, 2005.

34.     In or about May 2006, defendant **Matthew Norman Simpson** emailed defendant **Alicia Nicole Cargill Smallwood** and directed her to act on behalf of CommPartners but without CommPartners' authorization, and directed her to sign and backdate a contract

between CommPartners and ColoExchange, obligating Commpartners to pay for 60 months of service at $6,000 per month to ColoExchange.

35.     In or about February 2007, defendant **Matthew Norman Simpson** submitted a claim on behalf of ColoExchange to Zurich North America (Zurich) claiming a power outage in June 2006 caused loss of revenue, loss of a client Union Datacom, and repair costs. In the claim, **Simpson** failed to disclose his association with Union Datacom.

36.     On or about March 12, 2007, defendant **Matthew Norman Simpson** emailed defendant **Alicia Nicole Cargill Smallwood** and directed her to fabricate documents.

> "I need you to put together an invoice 'from' Chris dated June 23, 2006, with the work done as 'database repair caused by power outage on 6/22.' Make it 6 hours at $500 per hour. I also need an invoice from May 2006 for Union Datacom showing at least $6,000 in charges. Put in a charge for bandwidth of $4,000 and make the rest voip."

37.     Based on the fraudulent claim, Zurich issued a settlement check to defendant **Matthew Norman Simpson** doing business as ColoExchange for in excess of $31,000.

### Overt Acts related to Union Datacom (UDC)

38.     Between in or about August 2005 and continuing through in or about June 2006, defendants **Matthew Norman Simpson, Christopher Wayne Sigler,** and **Alicia Nicole Cargill Smallwood** altered the billing records at CommPartners in order to provide service to defendants **Faulkner, Logan L. Vig, Milos Vujanic**, and **Marcus William Wentrcek** at UDC at a fraction of the true billing.

39.     On or about May 15, 2006, defendants **Michael Blaine Faulkner** and **Matthew**

**Norman Simpson** emailed defendants **Logan L. Vig, Milos Vujanic**, and others and discussed moving out of 2323 Bryan Street, Dallas, Texas, and into 2020 Live Oak, Dallas, Texas, to avoid paying the rent and discussed what "cover story" would be used to explain the move to their customers.

40.     On or about May 18, 2006, defendants **Logan L. Vig** and **Matthew Norman Simpson** discussed in emails the pirated software they used to run Union Datacom's equipment and how best to circumvent fraud detection methods put in place by Microsoft.

41.     On or about July 18, 2006, defendants **Michael Blaine Faulkner** and **Matthew Norman Simpson**, on behalf of UDC, faxed a credit application to AT&T Capital Services Inc. to lease equipment.

42.     From approximately in or about May 2006, and continuing to in or about May 2007, AT&T Capital Services Inc. leased equipment to UDC.  UDC and the defendants used and did not pay for the lease value for the equipment, valued in excess of $66,000.

43.     Beginning on or about July 31, 2006, and continuing to on or about August 8, 2006, defendants **Michael Blaine Faulkner** and **Matthew Norman Simpson** emailed defendant **Logan L. Vig** and directed him to remove equipment from 2323 Bryan Street, Dallas, Texas, prior to the landlord locking the door due to **Faulkner**'s failure to pay rents.

44.     Between on or about July 31, 2006, and on or about August 8, 2006, defendant **Michael Blaine Faulkner** emailed the landlords at 2323 Bryan Street, Dallas, Texas, and

stated that he was not paying the rent because of unresolved electrical issues.

45.     On or about August 8, 2006, defendant **Michael Blaine Faulkner** emailed

defendants **Logan L. Vig, Milos Vujanic, Arya Neal Behgooy,** and **Christopher**

**Wayne Sigler** to discuss interview questions for new Union Datacom hires.

46.     On or about September 20, 2006, defendant **Milos Vujanic** emailed defendant

**Logan L. Vig** and directed him to forge a signature on an order form for UDC, backdate

it, and then send it to Perfect Dish LLC, a telecom provider.

47.     On or about October 9, 2006, defendant **Michael Blaine Faulkner** emailed

defendants **Logan L. Vig** and **Milos Vujanic** directing them to set up a new web server

under the name Premier Voice and to hide its connections to UDC.

48.     On or about October 30, 2006, defendant **Michael Blaine Faulkner** emailed

**Matthew Norman Simpson, Marcus William Wentrcek, Valerian James Stock**, and

other persons known to the Grand Jury and discussed how XO Communications (XO)

was going to turn off service to UDC for failure to pay.  **Faulkner** informed them that

UDC would attempt to sue XO in order to force them to continue service despite UDC's

failure to pay over $40,000 in billing and how they would use Premier Voice to conceal

other services they were obtaining from XO so that XO would not shut those services off

also. In part, the email read:

> "Our attorneys are preparing a temporary restraining order now, it will be
> served via the courts tomorrow morning on their registered agents in Texas.
> We will follow this move with a request for an injunction to prolong the
> uptime while we make other arrangements. All T1s are moving off XO,

substitution orders have already been put in with TWT. The VoIP account should be fine, it is through another division of XO out of another region, all disputes have been resolved, and we have a credit balance: there should be no problems. But, we'll most likely move that over to Premier IP or etc. as a precautionary measure."

49.     On or about November 11, 2006, defendant **Michael Blaine Faulkner** forwarded an email he had sent to defendants **Logan L. Vig** and **Matthew Norman Simpson** in which he admitted that "I continue to give away free VoIP and generally screw up peoples businesses by pretending to be a VoIP company." **Faulkner** admitted being worried about possible litigation and concluded that "Now I have long since setup a truly evil asset protection scheme for the company." **Faulkner** discussed additional fraud with **Simpson**, including the following:

"I will pool additional resources as needed. But you should know my focus is Union Datacom, and the Premier Voice platform. . . . And the Telunited things makes me unbelievably uncomfortable, and as much as I want to believe your angle there is that nagging doubt your full of shit."

50.     On or about November 16, 2006, while using the business name UDC, defendants **Michael Blaine Faulkner**, **Matthew Norman Simpson**, **Marcus William Wentrcek**, **Valerian James Stock**, emailed one another and discussed altering a Customer Service Request from CommPartners.

51.     On or about December 27, 2006, defendant **Michael Blaine Faulkner** emailed defendants **Marcus William Wentrcek**, **Logan L. Vig**, **Milos Vujanic**, **Valerian James Stock**, and **Chastity Lynn Faulkner** and advised them that they would have to sign new Union Datacom employee contracts as of January 1, 2007.

Superseding Indictment - Page 25

52.     Defendant **Michael Blaine Faulkner**, doing business as UDC, hired defendant

**Marcus William Wentrcek** through the Robert Half Agency.  On or about January 3,

2007, defendants **Wentrcek, Faulkner, Matthew Norman Simpson, Logan L. Vig**, and

**Chastity Lynn Faulkner** discussed through email that they were not to answer any

telephone calls from the Robert Half Agency or to tell the Robert Half Agency that

**Wentrcek** did not work at UDC.

53.     On or about January 23, 2007, defendant **Michael Blaine Faulkner** emailed

defendant **Marcus William Wentrcek** false financial information for the UDC 2006

financial statement for use in documenting UDC's financial position.

54.     On or about January 31, 2007, defendant **Michael Blaine Faulkner** emailed

defendant **Logan L. Vig** and directed him to prepare a fraudulent damage claim regarding

a chemical spill by TDI Industries.

55.     On or about February 7, 2007, defendant **Michael Blaine Faulkner** emailed

defendants **Logan L. Vig, Milos Vujanic, Marcus William Wentrcek**, and **Chastity

Lynn Faulkner** and discussed obtaining but not paying for minutes from CommPartners

and other companies.  **Michael Blaine Faulkner** stated that "CommPartners alone billed

us for 837155 minutes, and for months we ran traffic around their billing."

56.     On or about April 10, 2007, defendant **Brian Patrick Haney** emailed false

financial information for UDC to amerassist.com, an administrative services company

which handled accounts receivable and accounts payable for its customers.

57.    On or about May 7, 2007, defendant **Michael Blaine Faulkner** emailed

defendants **Marcus William Wentrcek, Logan L. Vig, Milos Vujanic, Chastity Lynn**

**Faulkner Valerian James Stock, William Michael Watts,** and **Brian Patrick Haney**

and directed them to provide false information to the landlord of 2020 Live Oak, Dallas,

Texas, in order to delay the landlord from locking them out of the premises for the non

payment of the $2,000,000 in rents owed.  The delay would allow the coconspirators to

vacate the premises after hours without paying the rent owed.

58.    On or about June 11, 2007, defendant **Michael Blaine Faulkner** emailed

defendant **Ricky J. Keele** and instructed him to use a false lease created by **Faulkner**

using photoshop to obtain access to facilities at 2020 Live Oak, Dallas, Texas.  **Faulkner**

did this to recover equipment that he had been unable to move out before the landlord

locked him out for failure to pay his bills.

59.    From in or about March 2006, and continuing to in or about March 2007, UDC

and defendants received and did not pay for services from XO Communications valued in

excess of $52,000.

## Overt Acts related to Premier Voice

60.    From in or about October 2006 and continuing through in or about July 2007,

defendants **Michael Blaine Faulkner, Marcus William Wentrcek, Valerian James**

**Stock, William Michael Watts,** and **Brian Patrick Haney**, doing business as Premier

Voice, received and did not pay for services from XO Communications (XO) valued in

excess of $1,200,000.

61.     To delay XO's termination of services to Premier Voice, defendant **Michael Blaine Faulkner** 1) mailed blank envelopes to XO and advised XO that the envelopes contained payments for services; 2) claimed various billing errors; and 3) accused XO employees of stealing the checks from the envelopes.

62.     In or about July 2007, XO terminated services to Premier Voice, and attempted to collect the debt.  Defendant **Michael Blaine Faulkner** transferred the ownership of Premier Voice to defendant **Valerian James Stock** and provided to XO the address of an abandoned FEMA trailer in New Orleans, Louisiana, as the address for Premier Voice.

63.     On or about April 24, 2007, defendant **Michael Blaine Faulkner** emailed false financial information to the property management of 1950 Stemmons Fwy, Dallas, Texas, in order to obtain a lease.

64.     On or about June 3, 2007, defendant **Michael Blaine Faulkner** emailed instructions to defendants **Marcus William Wentrcek, William Michael Watts,** and **Brian Patrick Haney, Chastity Lynn Faulkner, Dmitri Siiatski,** and **Logan L. Vig** to provide materially false facts about the relationship between UDC and Premier Voice in order to avoid creditors and lawsuits, and to fraudulently obtain credit, goods, and services.

65.     On or about June 21, 2007, defendant **Michael Blaine Faulkner** emailed a person known to the Grand Jury false financial information for UDC from 2006 in order to attempt to establish credit for a Nextone Session Border Controller (a piece of equipment used in telecommunications). In the same email, **Faulkner** also materially misrepresented the status of his company Premier Voice.

66.     On or about June 27, 2007, defendant **Michael Blaine Faulkner** emailed false financial information for Premier Voice to defendant **Marcus William Wentrcek** in order to establish credit with CommPartners.

67.     On or about August 3, 2007, defendants **Marcus William Wentrcek, Brian Patrick Haney**, and **Michael Blaine Faulkner** emailed false financial information to Cogent Communications in order to fraudulently obtain service with Cogent.

68.     On or about August 22, 2007, defendant **Michael Blaine Faulkner** emailed CommPartners and falsely claimed that 1) he was not the Owner of Premier Voice: 2) Union Datacom was no longer in business; and 3) "a $10,000 + billing dispute over hundreds of DID[1]s that were being billed to UDC, that were not their numbers."  In the same email, **Faulkner** also falsely implied that he was not associated with Aston Technology.

---

[1]     DID means Direct Inward Dialing, which was a feature offered by a telecom for use with the customers' private branch exchange system, whereby the telecom allocated a range of numbers to be associated with one or more telephone lines.

69.   On or about August 29, 2007, defendants **Michael Blaine Faulkner** and **Marcus William Wentrcek** discussed through instant messaging a plan for Premier Voice to pay **Wentrcek** $144,000.  To accomplish the plan, Premier Voice would obtain the money by "running up" $144,000 in debt, and thereafter not pay its creditors.

70.   In or about May 2008, defendant **Brian Patrick Haney** obtained a P.O. Box in Plano at 6009 W. Parker Rd., Plano, Texas, to receive bills and collection notices for Premier Voice.

71.   In or about May 2008, defendant **William Michael Watts,** doing business as Premier VoIP and Premier Voice Inc, contacted Verizon, and ordered two DS3's[2], one with a service address of 2323 Bryan Street #2440, Dallas, Texas, and the other with a service address of 1950 N. Stemmons Fwy #4021, Dallas, Texas.

72.   From on or about September 26, 2008, and continuing until on or about January 25, 2009, Premier Voice and the defendants received and did not pay for DS3 services from Verizon valued in excess of $2,200,000.

Overt Acts related to Tel United LLC

73.   From in or about September 2006 and continuing until in or about current date, defendants **Matthew Norman Simpson** and **Arya Neal Behgooy** operated and maintained the equipment of Tel United from **Simpson**'s data center, located at 2323

---

[2]      A DSL was a digital subscriber line that provided digital data transmission over the wires of a local telephone or Internet network.  The speed of the transmission varied from the slowest DS1 to the fastest DS3.

Bryan Street, Dallas, Texas.

74.      From in or about September 2006 and continuing until in or about April 2009,

defendant **Arya Neal Behgooy** ordered service from CommPartners, using **Behgooy**'s

name and **Behgooy**'s home address on Knoll Trail in Dallas, Texas as the business

address.  Neither defendant **Matthew Norman Simpson** nor **Behgooy** disclosed

**Simpson**'s ownership interest or operational involvement in Tel United to

CommPartners.

Overt Acts related to Aston Technology

75.      On or about December 11, 2006, defendants **Michael Blaine Faulkner** and

**Marcus William Wentrcek** directed another person known to the Grand Jury to

incorporate Aston Technology on their behalf on December 15, 2006.

76.      On or about October 18, 2007, defendant **Michael Blaine Faulkner** directed

defendant **Dmitri Siiatski** and other coconspirators to obtain credit cards for Aston

Technology in the name of a person known to the Grand Jury and have them delivered

and billed to **Siiatski**'s apartment at 1509 Main Street #1108, Dallas, Texas.

77.      On or about March, 2007, defendant **Michael Blaine Faulkner** opened P.O. Box

965 in Grapevine, Texas, under the name Aston Technology.

78.      On or about November 2, 2007, defendant **Michael Blaine Faulkner,** directly or

indirectly through defendants **Jason Carter Watts, William Michael Watts,** or **Dmitri**

**Siiatski,** claimed to be a representative from Aston Technology and emailed Metro

Communications Company (Metro) in Illinois requesting Domestic and International

Termination Service[3].   The defendant faxed to Metro references, EIN, and other basic

business information for Aston Technology.

79.    On or about December 5, 2007, defendant **Michael Blaine Faulkner,** directly or

indirectly through defendants **Jason Carter Watts, William Michael Watts,** or **Dmitri**

**Siiatski,** claimed to be a representative from Premier Voice, Aston Technology's

colocation provider, and tested the connection with Metro.

80.    On or about December 6, 2007, defendant **Michael Blaine Faulkner,** directly or

indirectly through defendants **Jason Carter Watts, William Michael Watts,** and **Dmitri**

**Siiatski,** claimed to be a representative from Aston Technology, and emailed invoices to

Metro.  The invoices purported to be from Aston Technology's previous vendor, Premier

Voice.  The invoices reflected approximately $400,000 a month in International and

Domestic voice services provided by Premier Voice.

81.    On or about January 18, 2008, defendant **Michael Blaine Faulkner,** directly or

indirectly through defendants **Jason Carter Watts, William Michael Watts,** or **Dmitri**

**Siiatski,** claimed to be a representative from Aston Technology, and emailed Aston

Technology escrow documents, signed by Aston Technology's CFO, to Metro.

82.    On or about January 20, 2008, defendant **Michael Blaine Faulkner,** directly or

indirectly through defendants **Jason Carter Watts, William Michael Watts,** or **Dmitri**

---

[3]       Termination Service occurs when a particular Telcom acts as the last point of service
rendered by a commercial carrier.

**Superseding Indictment - Page 32**

**Siiatski,** wired Metro a deposit of $5,000 from Aston Technology's Wells Fargo bank account to test out the DS3 and start service.

83.     On or about January 23, 2008, defendant **Michael Blaine Faulkner,** directly or indirectly through defendants **Jason Carter Watts, William Michael Watts,** and **Dmitri Siiatski,** claimed to be a representative from Aston Technology, and emailed Metro and informed Metro that it was having technical problems.  Metro began working with defendant **Michael Blaine Faulkner** at Premier Voice to try to locate the cause.

84.     On or about Friday, January 25, 2008, defendant **Michael Blaine Faulkner,** directly or indirectly through defendants **Jason Carter Watts, William Michael Watts,** and **Dmitri Siiatski,** claimed to be a representative from Aston Technology and emailed Metro, and fraudulently agreed to pay Metro's invoice "first thing on Monday".

85.     On or about February 4, 2008, defendant **Michael Blaine Faulkner,** directly or indirectly through defendants **Jason Carter Watts, William Michael Watts,** and **Dmitri Siiatski,** claimed to be a representative from Aston Technology and emailed Metro, explaining that only he (the representative) was in Dallas and Aston Technology was still in Las Vegas.   The representative expressed dissatisfaction with Premier Voice and stated that Aston Technology would be moving their equipment to another location in Dallas.  The representative again agreed to pay the invoice.

86.     Between on or about February 20, 2008, and continuing until on or about March 14, 2008, defendant **Michael Blaine Faulkner** as CEO of Premier Voice emailed Metro

and expressed dissatisfaction with Aston Technology and denounced its business practices. Specifically, **Faulkner** questioned the authenticity of the Premier Voice invoice sent by Aston Technology to Metro, claimed that Aston Technology's servers were removed in 2008, and questioned the veracity of the 1509 Main Street, Dallas, Texas address provided by Aston Technology.

87.     Prior to December 21, 2007, defendants **Michael Blaine Faulkner**, **Jason Carter Watts**, **William Michael Watts**, and **Dmitri Siiatski** contracted for service for Aston Technology from Bandwidth.com in North Carolina, by fax and email.

88.     From on or about December 21, 2007, and continuing until on or about January 2, 2008, Aston Technology and the defendants received and did not pay for DS3 services from Bandwidth.com valued in excess of $640,000.

89.     Bandwidth.com emailed defendant **Michael Blaine Faulkner**, doing business as Premier Voice, and contacted defendant **Matthew Norman Simpson** by instant messaging.  **Faulkner** expressed his dissatisfaction with Aston Technology, denounced its business practices, and inferred that Aston Technology had also victimized  Premier Voice.

90.     From on or about February 20, 2008, and continuing until on or about March 5, 2008, Aston Technology and the defendants received and did not pay for DS3 services from Primus Tel, valued in excess of $10,000.

91.     On or about March 11, 2008, defendant **Michael Blaine Faulkner** caused a person known to the Grand Jury to send a letter on behalf of Premier Voice to Primus Tel claiming that Aston Technology and Premier Voice were not the same company, that Aston Technology was not located at Premier Voice's address, and Premier Voice was not responsible for Aston Technology's debt to Primus Tel.

Overt Acts related to Clear VOIP Calling (CVC)

92.     On or about November 15, 2007, defendant **Jennifer Jo Gilliland**, CVC's Director of Operations, signed and transmitted to AT&T a contract for services.   During in or about November 2007 and December 2007, CVC and the defendants received and did not pay for services from AT&T, valued in excess of $125,000.

93.     On or about January 7, 2008, defendant **Jennifer Jo Gilliland** emailed AT&T and complained that AT&T's billing to CVC was incorrect.

94.     On or about February 6, 2008, defendant **Jennifer Jo Gilliland** emailed AT&T and complained that the calls on the bill did not belong to CVC.

95.     On April 29, 2009, defendant **Jennifer Jo Gilliland**, doing business as CVC, again contracted for services from AT&T, but listed the customer as MegaTone. Beginning on or about May 7, 2009 and continuing through May 27, 2009, **Gilliland**, acting as MegaTone, and the defendants, received and did not pay for services from AT&T, valued in excess of $163,000.   From in or about May 2009 and continuing until in or about July 2009, **Gilliland**, acting as MegaTone, emailed AT&T repeated promises of

payment.  As of on or about July 8, 2009, **Gilliland**, acting as MegaTone, and the

defendants, received and did not pay for services from AT&T, valued in excess of

$290,000.

96.     In or about August 2008, defendants **Michael Blaine Faulkner, Matthew**

**Norman Simpson**, and **Jason Carter Watts**, ordered service from defendant **Jennifer**

**Jo Gilliland**, CVC, in the name of defendant **Marcus William Wentrcek** and WTS

Telecom.

97.     On or about July 7, 2009, CVC and the defendants received and did not pay for

services from XO Communications, valued in excess of $100,000.

<u>Overt Acts related to Crydon</u>

98.     On or about June 21, 2008, defendant **Michael Blaine Faulkner** emailed

defendant **William Michael Watts** and discussed defendant **Matthew Norman**

**Simpson**'s use of information obtained during **Simpson**'s consulting relationship with

Bandwidth.com to make Crydon and its associated companies more competitive.

**Faulkner** explained that Bandwidth.com was looking for a new credit card processor, and

**Simpson** would secure information from Bandwidth.com, so that Corduro, a company

associated with Crydon, could underbid the competition.  **Faulkner** acknowledged the

need to remove **Simpson**'s name from the Crydon corporate paperwork to conceal

**Simpson**'s association with Crydon.

99.     On or about June 25, 2008, defendant **Michael Blaine Faulkner** emailed

defendant **Matthew Norman Simpson** details on how to continue to commit fraud, such

as obtaining loans they were not otherwise entitled to, altering company credit histories,

avoiding taxes, and purchasing other company names. The email included the following:

> "In order to get the $5M, we'd need to merge all of our companies, at least
> on paper ... Ideally, we'd put all our companies bank accounts into a single
> QuickBooks, massage the data, and dump out a complete financial picture
> of our performance over the last 3 years ... Considering we have paid a lot
> of money to each other, we'll be able to book those transactions as revenue
> within the big picture instead of separate expenses. Once again, we do not
> need to do a formal merger, or combine the corporations. We want to
> present the deal to the bank as if we are merging our various corporate
> holdings together, which will reduce our total overhead, and increase
> profitability: profitability that will help us cover the $92,000 a month loan
> payment. What we are going to do with the money we'll discuss later, but it
> goes without saying we have to make some money with the loan, but that's
> never been a problem for either of us ... The IRS piece is sticky, but
> assuming you have not filled with any of yours, then that part is easy. This
> will officially and legally, cover that should that ever come up. Your
> company should not have paid in taxes, as it merged with Crydon in 2008
> and Crydon (who also hasn't filed in 3 years) paid the last 3 years taxes at
> that time. And yes, we do have to show about $100K in gross profit over the
> last 3 years, and file amended tax returns. We expect to pay 20-30% to the
> feds for this honor, so it is a risk, but I'm the Social Security Number on the
> tax filings, so it's all my risk there. The docs that [a person known to the
> Grand Jury] will draw up will be for this purpose, and this purpose only ...
> Ideally, we'll be able to buy good gear, and sell under the Intelivox name to
> your clients and mine at some point in the future with a nice easy profit split
> down the middle, but for the current plan all we need to look at is total
> financial picture for the bank ... Corduro is almost ready to do the same ...
>       [A person known to the Grand Jury] can prepare the "intent to
> merge" papers, and from what I can tell the legal ramifications can be kept
> separate. Meaning, it would not affect our state filings, corporate structure,
> or etc. it would merely be internal paperwork for the deal. If all goes
> according to plan, we can actually merge the federal IDs for the IRS after
> we get the money, and absolve us both of any past tax debts and lack of

filings. All my stuff is actually current, and I even pay them a little
something, minus Convergence, which is used like your LLCs. It will be a
neat way to tidy up all the old companies before we spend the money on
buying new aged shells for the next gig."

100.   On or about July 29, 2008, defendants **Matthew Norman Simpson**, **Michael
Blaine Faulkner**, **Alicia Nicole Cargill Smallwood**, and **Brian Patrick Haney** emailed
one another and discussed recasting the billing for Intelivox to reflect the plans set out
**Faulkner**'s email dated June 25, 2008.

101.   On or about August 8, 2008, defendants **Chastity Lynn Faulkner** and **Michael
Blaine Faulkner** exchanged a series of emails in which **Michael Faulkner** directed
**Chastity Faulkner** to manipulate loan forms for **Michael Faulkner** in order to secure a
loan for Crydon.  After **Michael Faulkner** provided her the basic forms via email,
**Chastity Faulkner** manipulated them and returned them to **Michael Faulkner**, telling
him "Here is the form for you to manipulate further."  He altered them further and
returned them to **Chastity Faulkner**, whereupon she noted that he had listed "stock
dividends on there twice for the same amount" and asked him if he had realized that.

102.   On or about August 19, 2008, defendant **Michael Blaine Faulkner** emailed
defendants **Chastity Lynn Faulkner, Brian Patrick Haney, William Michael Watts,
Milos Vujanic**, and other persons known to the Grand Jury, and described how they
would proceed in conducting their frauds.  **Faulkner** stated as follows:

"Provided this works out, it would greatly increase our capacity to exploit
carrier's Unlimited or Unrestricted deals. Although we've done well with
these in the past, we can't go back to the same providers as they know we

are a provider, and 'Dealers are not welcome.' However, it's a simple matter to start up a new company just to deal with these guys, but it is certainly not a simple matter to get new IP Space from ARIN: that's a problem. This new IP Proxy solution could allow us to simply rent a box on any other network, and with our peering, there would be little or no latency. So we could in effect utilize any carrier, any number of times, bringing back the unlimited profitability we had last Winter."

**Faulkner** then described how they planned on exploiting Verizon and AT&T with

defendant **Matthew Norman Simpson**, stating that

"Will and I will continue to work with them to get the LOA/CFA from Verizon, which is basically an identifier we need to get for Matt to order the cross connect in 2323. They got it in late Thursday, and we had no luck getting the union clowns to do any work on Friday. This would be 670 channels of immediate capacity, with basically a Net 45 Term before the bill was even late. As our clients pre-pay, or at max have a 1 Day Term, we can effectively catch up all our bills, payroll, and then some, and launch another profitable endeavor, long before we even get a bill from Verizon."

103. In or about September 2008, defendant **Michael Blaine Faulkner** emailed other

coconspirators and reminded them that he obtained companies in order to acquire and use

the credit histories associated with the companies.

104. On or about October 10, 2008, defendant **Michael Blaine Faulkner** emailed

defendant **Matthew Norman Simpson** and stated

"I got us a new 6 year old shell, getting it updated with the state now, then adding a phsyical street address, CEO is all taken care of, sky's the limit on this one. Getting some work done on your old shell too, you don't mind if we slip in a new CEO there too right? I got a uplly of them, and they don't need or want 10%...they each get $100 cash money and a bottle of MD 20/20, no complainers so far:)"

105.   On or about January 31, 2009, defendant **Michael Blaine Faulkner** emailed a person known to the Grand Jury and stated that Incavox was the shell company Intelivox was using to purchase service.

Overt Acts related to Intelivox

106.   On or about March 10, 2008, defendants **Michael Blaine Faulkner** and **William Michael Watts** emailed an Intelivox customer and explained that his or her service was interrupted because Intelivox had been caught defrauding its vendors. **Faulkner** and **Watts** explained that Intelivox had "exploit[ed] flat rate service plans from other carriers. [**Faulkner** and **Watts**] knew that [the carriers] would eventually see that [the carriers] were losing money and discontinue service, as [the carriers] always do."

107.   On or about June 9, 2008, defendant **Michael Blaine Faulkner** emailed defendants **Brian Patrick Haney** and **William Michael Watts** and instructed them on how to transfer funds between accounts in order to avoid assets being seized.  In particular, **Faulkner** instructed them to close the Premier Voice account in anticipation of being sued.  In the email, **Faulkner** stated:

> "We cannot transfer a large sum of money out of Premier Voice for a variety of reasons, yet we need to close the account as quickly as possible, for obvious reasons. . . . DO NOT have anyone pay WF by wire, and do not accept CC payment unless it's the only way we can get paid. Al wires need to go to Intelivox, and Intelivox only."

Overt Acts related to Incavox

108.   From on or about November 1, 2008 and continuing to on or about February 28, 2009, defendants **Nathan Todd Shafer, Michael Blaine Faulkner, Matthew Norman Simpson, Jason Carter Watts,** and **William Michael Watts** attempted to obtain service under the name Incavox from AT&T.

109.   On or about November 20, 2008, defendant **Nathan Todd Shafer** faxed or caused the sending of a fax to the Texas Secretary of State to change the name of NTS Consulting to Incavox.

110.   Between in or about October 18, 2008 and on or about March 12, 2009, defendant **Nathan Todd Shafer** obtained the identity information of persons known to the Grand Jury.  **Shafer** used their names and identity information to open bank accounts, to create corporations, and to amend the information of existing corporations.  **Shafer** filed documents with the Texas Secretary of State listing two of these persons as officers of Incavox.

111.   On or about January 30, 2009, defendant **Nathan Todd Shafer**, acting as an employee of Chase Bank, sent a fax to AT&T and verified Incavox's credit.  **Shafer** used false financial information obtained from defendants **Michael Blaine Faulkner** and **William Michael Watts** and a fraudulently manufactured bill purporting to be from Verizon.

112.   On or about January 30, 2009, defendant **William Michael Watts**, acting as one of the individuals whose identity information had been obtained by defendant **Nathan Todd Shafer**, telephoned AT&T and discussed the service Incavox was ordering.  Defendant **Jason Carter Watts** falsified the service applications and the same were faxed and emailed to AT&T.

113.   On or about December 10, 2008, defendants **Nathan Todd Shafer, Michael Blaine Faulkner, Matthew Norman Simpson, Jason Carter Watts,** and **William Michael Watts** emailed Verizon and ordered service for Incavox.

114.   Beginning on or about December 23, 2008, and continuing through in or about March 2009, defendants **Nathan Todd Shafer, Michael Blaine Faulkner, Jason Carter Watts,** and **William Michael Watts** emailed SmartisVoip.com to order service for Incavox.  **Shafer, Faulkner, Jason Watts**, and **William Watts** provided falsified credit applications and order forms prepared by **Jason Watts** which listed Core IP, Crydon, and Neotech as credit references.  They also provided identical falsified credit references from Chase Bank and a manufactured Verizon invoice that had been sent to AT&T.

115.   Between in or about December 2008 and in or about March 2009, Incavox and the defendants received and did not pay for services from SmartisVoip, valued in excess of $98,000.

116.   On or about January 14, 2009, defendant **Nathan Todd Shafer**, using the identity information of a person known to the Grand Jury, traveled to the offices of Waymark

Internet Services in Plano, Texas, and ordered service for Incavox. **Shafer** used the order form prepared by defendant **Jason Carter Watts**. Waymark contacted Incavox via telephone and spoke with defendant **William Michael Watts**, acting as "Chris," who assured Waymark that payment had been made when it had not.

117.    Between on or about March 2, 2009 and on or about March 10, 2009, defendants **Nathan Todd Shafer, Michael Blaine Faulkner, Matthew Norman Simpson, Jason Carter Watts,** and **William Michael Watts** emailed Cogent Communications using the identity information of a person known to the Grand Jury and ordered service from Cogent for Incavox.

118.    Between in or about February 26, 2009 and in or about April 15, 2009, Incavox, by and through defendants **Nathan Todd Shafer, Michael Blaine Faulkner, Matthew Norman Simpson, Jason Carter Watts,** and **William Michael Watts**, received and did not pay for services from XO Communications, valued in excess of $1,000,000.

119.    Beginning on or about March 10, 2009, and continuing through on or about April 2, 2009, defendants **Michael Blaine Faulkner, Matthew Norman Simpson, Jason Carter Watts,** and **William Michael Watts** emailed PaeTec Communications and ordered service for Incavox, and used the same fraudulent documents as were used in attempting to obtain service from AT&T and Verizon. During this time, **William Watts**, using the identity information of a person known to the Grand Jury, telephoned PaeTec in order to obtain service from PaeTec.

**Superseding Indictment - Page 43**

## Overt Acts related to Neotech Corporation

120.    On or about February 18, 2009,defendants **Michael Blaine Faulkner, Matthew Norman Simpson, Jason Carter Watts,** and **William Michael Watts**, using the identity information of a person known to the Grand Jury, emailed Cogent Communications to obtain service from Cogent for Neotech Corporation.

## Overt Acts related to Lone Star Power

121.    Beginning in or about April 2008, defendant **Eric Byron Littlejohn II** as the CEO of Lone Star Power LLC, emailed Verizon and ordered one DS3 line.

122.    On or about May 23, 2008, defendant **Matthew Norman Simpson** wire transferred, or caused another to wire transfer $1,950 from a Core IP bank account to Verizon, as a deposit purportedly from Lone Star Power.

123.    Between in or about October 2008 until in or about January 2009, Lone Star Power and the defendants received and did not pay for services valued in excess of $2,200,000.

124.    On or about May 30, 2008, defendant **Michael Blaine Faulkner** emailed defendant **Matthew Norman Simpson** to explain that **Faulkner** changed Lone Star Power's registration information from **Simpson** to a person known to the Grand Jury. **Faulkner** informed **Simpson** that **Faulkner** used a personal credit card to prevent the transaction being traced to Premier Voice.  **Faulkner** instructed **Simpson** on what explanation to provide if necessary.

125.   On or about June 11, 2008, defendant **Matthew Norman Simpson** emailed defendant **Michael Blaine Faulkner** and stated that he had obtained a lease, had applied for a DUNS number, and that he was in the process of establishing a bank account at Chase.  **Simpson** reminded **Faulkner** to have defendant **William Michael Watts** coordinate with defendant **Eric Byron Littlejohn II**.

126.   On or about June 19, 2008, defendant **Michael Blaine Faulkner** emailed defendant **Matthew Norman Simpson** instructing **Simpson** to have defendant **Eric Byron Littlejohn II** send $200 to Lone Star Power's registered agent at 2816 Bedford Rd, Bedford, Texas.

127.   From in or about June 2008 and continuing until December 2008, defendants **Matthew Norman Simpson**, **Eric Byron Littlejohn II**, **Michael Blaine Faulkner**, **Jason Carter Watts,** and **William Michael Watts** acting as Lone Star Power used and did not pay for services from AT&T valued at just under $2,200,000.

COUNT TWO
Fraud and Related Activity
in Connection with Electronic Mail
Aiding and Abetting
(18 U.S.C. §1037(a)(2), (b)(2)(C) and 18 U.S.C. §2)

1.      The Grand Jury realleges and incorporates the Introduction and Count One of the

Superseding Indictment.

2.      From at least in or about March 2003 and continuing through in or about July

2009, in the Dallas Division of the Northern District of Texas and elsewhere, defendants

**Chastity Lynn Faulkner, Michael Blaine Faulkner, Brian Patrick Haney, Matthew**

**Norman Simpson, Alicia Nicole Cargill Smallwood, Jason Carter Watts, William**

**Michael Watts, Logan L. Vig, Arya Neal Behgooy, Christopher Wayne Sigler,**

**Marcus William Wentrcek, Valerian James Stock, Ricky J. Keele, Dmitri Siiatski,**

**Milos Vujanic**, and other persons known and unknown to the Grand Jury aided and

abetted each other, and did knowingly use a protected computer to relay or retransmit

multiple commercial electronic mail messages, with the intent to deceive or mislead

recipients, or any Internet access service, as to the origin of such messages; and the

volume of the electronic mail messages transmitted in furtherance of the offenses

exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, and 250,000

during any 1-year period.

        In violation of 18 U.S.C. §1037(a)(2), (b)(2)(C) and 18 U.S.C. §2.

## COUNT THREE
### Obstruction:  Threatening a Witness or Informant
### (18 U.S.C. §1512(b)(3))

Beginning in or about March 14, 2009 and continuing until in or about September 2009, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant **Michael Blaine Faulkner** did knowingly attempt to intimidate, threaten, and corruptly persuade Logan L. Vig and Marcus William Wentrcek, by posting threats on **Faulkner**'s web site www.uwwwb.com with the intent to hinder, delay, and prevent the communication by Vig and Wentrcek to a law enforcement officer, specifically Special Agents of the Federal Bureau of Investigation, of information relating to the commission of a Federal offense, namely, wire fraud, mail fraud, and fraud related to computers in violation of 18 U.S.C. §§1341, 1343, and 1030, as referenced in Count One.

In violation of 18 U.S.C. §1512(b)(3).

COUNT FOUR
Obstruction:  Destruction of Evidence
(18 U.S.C. §1512(c)(1))

On or about March 13, 2009, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant **Matthew Norman Simpson**, did knowingly and corruptly destroy and attempt to destroy records and documents, namely email and other electronic data by deleting the data from his computer and other data storage devices, with the intent to impair its integrity or availability for use in an official proceeding.

In violation of 18 U.S.C. §1512(c)(1).

COUNT FIVE
Obstruction: Hide Assets
(18 U.S.C. §1512(b)(2)(B))

On or about March 12, 2009, in the Dallas Division of the Northern District of

Texas and elsewhere, the defendant **Michael Blaine Faulkner**, did knowingly and

corruptly persuade Brian Patrick Haney, with the intent to cause and induce Haney to

conceal an object, namely Haney's bank account, with the intent to impair the object's

integrity and availability for use in an official proceeding, that being the potential seizure

and forfeiture of the proceeds of an unlawful activity in connection with the criminal

investigation by the Federal Bureau of Investigation.

In violation of 18 U.S.C. §1512(b)(2)(B).

## COUNT SIX
Obstruction:  Destruction of Evidence
(18 U.S.C. §1512(k) (18 U.S.C. §1512(c)(1)))

In or about July 2009, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants **Michael Blaine Faulkner, Logan L. Vig,** and **Milos Vujanic**, did knowingly combine, conspire, confederate, and agree among themselves, to corruptly destroy and conceal, and attempt to destroy and conceal records, documents, and other objects, namely computers, data storage devices, and other computer equipment used by Union Datacom and located at 2020 Live Oak, Dallas, Texas, with the intent to impair the integrity or availability of the digital records, documents, and other data for use in an official proceeding, in violation of 18 U.S.C. §1512(c)(1).

In violation of 18 U.S.C. §1512(k).

COUNT SEVEN
False Registration of a Domain Name
(18 U.S.C. §3559(g)(1))

On or about October 10, 2005, in the Dallas Division of the Northern District of

Texas and elsewhere, the defendant **Matthew Norman Simpson**, did knowingly and

intentionally falsely register a domain name, in that **Simpson** did register camophone.com

with a hosting service using a false contact name and a false address, and further that

**Simpson** did knowingly and intentionally use the domain name in the course of the

commission of a felony offense, for which felony offense **Simpson** was convicted.

In violation of 18 U.S.C. §3559(g)(1).

COUNT EIGHT
False Registration of a Domain Name
(18 U.S.C. §3559(g)(1))

On or after November 10, 2006, in the Dallas Division of the Northern District of

Texas and elsewhere, the defendant **Michael Blaine Faulkner**, did knowingly and

intentionally falsely register a domain name, in that **Faulkner** did register and cause to be

registered officelinkplus.com with a hosting services using a false contact, and further

that **Faulkner** did knowingly and intentionally use the domain name in the course of the

commission of a felony offense, for which felony offense **Faulkner** was convicted.

In violation of 18 U.S.C. §3559(g)(1).

Forfeiture
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037(c))

Upon conviction of any of the offenses alleged in Counts One, Three, Four, Five, and Six of this Indictment and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants, **Chastity Lynn Faulkner, Michael Blaine Faulkner, Brian Patrick Haney, Eric Byron Littlejohn II, Nathan Todd Shafer, Matthew Norman Simpson, Alicia Nicole Cargill Smallwood, Jason Carter Watts, William Michael Watts, Logan L. Vig, Arya Neal Behgooy, Christopher Wayne Sigler, Marcus William Wentrcek, Valerian James Stock, Ricky J. Keele, Dmitri Siiatski, Milos Vujanic, Jennifer Jo Gilliland**, and **Casimir A. Wojciechowski**, shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to the offense.

Upon conviction of the offense alleged in Count Two of this Indictment and pursuant to 18 U.S.C. § 1037(c), the defendants, **Chastity Lynn Faulkner, Michael Blaine Faulkner, Brian Patrick Haney, Matthew Norman Simpson, Alicia Nicole Cargill Smallwood, Jason Carter Watts, William Michael Watts, Logan L. Vig, Arya Neal Behgooy, Christopher Wayne Sigler, Marcus William Wentrcek, Valerian James Stock, Ricky J. Keele, Dmitri Siiatski,** and **Milos Vujanic** shall forfeit to the United States of America any property, real or personal, constituting or traceable to gross proceeds obtained from the offense and any equipment, software, or other technology used or intended to be used to commit or to facilitate the commission of the

other technology used or intended to be used to commit or to facilitate the commission of the offense.

The above-referenced property subject to forfeiture includes, but is not limited to, the following:

Property

(only the last 4 digits of a financial account number are listed)

1.  $25,681.30 in funds contained in Account XXXX8340 in the name of Core IP Networks at Citizens National Bank of Texas, Waxahachie, Texas, seized on or about April 2, 2009.
    [sought from **Matthew Norman Simpson**]

2.  $283,431.74 in funds contained in Account XXXX1898 in the name of Simpson Burwell, Ltd. at Citizens National Bank of Texas, Waxahachie, Texas, seized on or about April 2, 2009.
    [sought from **Matthew Norman Simpson**]

3.  $2,652.96 in funds contained in Account XXXXXX2104 in the name of Spider Development Corporation at JPMorgan Chase Bank, Dallas, Texas, seized on or about March 11, 2009.
    [sought from **Nathan Todd Shafer**]

4.  $1,560,000.00 in funds, monies, or things of value acquired by Matthew Simpson c/o Simpson Burwell Ltd. from Asset Strategies International, Inc., 1700 Rockville Pike, Suite 400, Rockville, Maryland in the form of three The Perth Mint Precious Metals Certificates (Nos. 022726, 022727, and 022728).
    [sought from **Matthew Norman Simpson**]

5.  The total amount of proceeds obtained, directly or indirectly, as a result of the offense.
    [sought from all defendants]

<u>Substitute Assets</u>

Pursuant to 21 U.S.C. §853(p), if any of the above-described real and/or personal property, as a result of any act or omission of the previously-mentioned defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America intends to seek forfeiture of any other property of the previously-mentioned defendants up to the value of the above-described property subject to forfeiture.

The above-referenced property subject to forfeiture includes, but is not limited to, the following:

6.      The real property at 8641 Glenturret Drive, Ovilla, Ellis County, Texas.
        [sought from **Matthew Norman Simpson**]

A TRUE BILL:

FOREPERSON

JAMES T. JACKS
UNITED STATES ATTORNEY

CANDINA S. HEATH
Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, 3rd Floor
Dallas, Texas  75242
Telephone:  214.659.8600
candina.heath@usdoj.gov

WALT M. JUNKER
Assistant United States Attorney
State of Texas Bar No. 24038115
1100 Commerce Street, 3rd Floor
Dallas, Texas  75242
Telephone:  214.659.8630
john.delagarza@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 5 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy**

UNITED STATES OF AMERICA

v.

CHASTITY LYNN FAULKNER (1)
MICHAEL BLAINE FAULKNER (2)
BRIAN PATRICK HANEY (3)
ERIC LITTLEJOHN II (4)
NATHAN TODD SHAFER (5)
MATTHEW NORMAN SIMPSON (6)
ALICIA CARGILL SMALLWOOD (7)
JASON C. WATTS (8)
WILLIAM MICHAEL WATTS (9)
LOGAN L. VIG (10)
ARYA NEAL BEHGOOY (11)
CHRISTOPHER WAYNE SIGLER (12)
MARCUS WILLIAM WENTRCEK (13)
VALERIAN JAMES STOCK (14)
RICKY J. KEELE (15)
DMITRI SHATSKI (16)
MILOS VUJANCI (17)
JENNIFER JO GILLILAND (18)
CASIMIR A. WOJCIECHOWSKI (19)
also known as Casey

3:09-cr-249-D

SUPERSEDING INDICTMENT

18 U.S.C. § 1349 (§§ 1341 and 1343)
Conspiracy to Commit Wire and Mail Fraud

18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. §2
Fraud and Related Activity
in Connection with Electronic Mail
Aiding and Abetting

18 U.S.C. § 1512(b)(3)
Obstruction: Threatening a Witness or Informant

18 U.S.C. § 1512(c)(1)
Obstruction: Destruction of Evidence

18 U.S.C. § 1512(b)(2)(B)
Obstruction: Hide Assets

18 U.S.C. § 1512(k) 18 U.S.C. § 1512(c)(1)
Obstruction: Destruction of Evidence

18 U.S.C. § 3559(g)(1)
False Registration of a Domain Name

18 U.S.C. § 3559(g)(1)
False Registration of a Domain Name

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037(c)
Forfeiture

8 Counts

A true bill rendered:

_____

DALLAS                                                    FOREPERSON

Filed in open court this _____ day of _____, A.D. 2010.

_____
                                                              Clerk

ISSUE ARREST WARRANTS: CHASTITY LYNN FAULKNER; MICHAEL BLAINE
FAULKNER; JASON C. WATTS; WILLIAM MICHAEL WATTS; LOGAN L. VIG;
ARYA NEAL BEHGOOY; CHRISTOPHER WAYNE SIGLER; MARCUS WILLIAM
WENTRCEK; VALERIAN JAMES STOCK; RICKY J. KEELE; DMITRI SIIATSKI;
MILOS VUJANIC; JENNIFER JO GILLILAND; CASIMIR A. WOJCIECHOWSKI;

UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE

Criminal Case Pending - 3:09-CR-249-D

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [ ] Yes [X] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of _N/A_   Magistrate Case Number _N/A_ |

1.  **Defendant Information**

    Juvenile: [ ] Yes [X] No

    If Yes, Matter to be sealed:

    [ ] Yes   [X] No

    Defendant Name _____ CHASTITY LYNN FAULKNER (1) _____

    Alias Name _____ F/k/a Chastity Lynn Tutor _____

    Address _____

    _____

    County in which offense was committed: _____ Dallas _____

2.  **U.S. Attorney Information**

    Candina S. Heath _____        Bar # _09347450_

3.  **Interpreter**

    [ ] Yes  [X] No    If Yes, list language and/or dialect: _____

    RECEIVED
    JAN - 5 2010
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF TEXAS

4.  **Location Status**

    Arrest Date: Issue arrest warrant

    [ ] Already in Federal Custody _____ in _____
    [ ] Already in State Custody
    [ ] On Pretrial Release

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant: 2     [ ] Petty   [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date _1-5-2010_        Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
| --- |

Superseding Indictment: [X] Yes [ ] No   New Defendant: [ ] Yes [X] No

Pending CR Case in NDTX: [X] Yes [ ] No   If Yes, number: __3:09-CR-249-D__

Search Warrant Case Number_____

_____

R 20 from District of _N/A_   Magistrate Case Number _N/A_

**1.    Defendant Information**

Juvenile: [ ] Yes [X] No

If Yes, Matter to be sealed:

[ ] Yes   [X] No

Defendant Name _____MICHAEL BLAINE FAULKNER (2)_____

Alias Name _____

Address _____

_____

County in which offense was committed: _____Dallas_____

**2.    U.S. Attorney Information**

Candina S. Heath_____                Bar # _09347450_

**3.    Interpreter**

[ ] Yes  [X] No   If Yes, list language and/or dialect: _____

RECEIVED

JAN - 5 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**4.    Location Status**

Arrest Date: Issue arrest warrant

[ ]   Already in Federal Custody_____in _____
[ ]   Already in State Custody
[ ]   On Pretrial Release

**5.    U.S.C. Citations**

Total # of Counts as to This Defendant:   6        [ ] Petty    [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
| --- | --- | --- |
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 1512(b)(3) | Obstruction: Threatening a Witness or Informant | 3 |
| 18 U.S.C. § 1512(b)(2)(B) | Obstruction: Hide Assets | 5 |
| 18 U.S.C. § 1512(k)(3) 18 U.S.C. § 1512(c)(1) | Obstruction: Destruction of Evidence | 6 |

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 3559(g)(1) and § 2 | False Registration of a Domain Name | 8 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date ___1-5-2010___          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [ ] Yes [X] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number:_____ |
| _____ |
| R 20 from District of _N/A_   Magistrate Case Number _N/A_ |

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes   [X] No

   Defendant Name          BRIAN PATRICK HANEY (3)

   Alias Name          _____

   Address          _____

   _____

   County in which offense was committed:          Dallas

2. **U.S. Attorney Information**

   Candina S. Heath          Bar # _09347450_

   > RECEIVED
   > JAN - 5 2010
   > 4 [signature]
   > CLERK, U.S. DISTRICT COURT
   > NORTHERN DISTRICT OF TE

3. **Interpreter**

   [ ] Yes   [X] No    If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: _____

   [ ] Already in Federal Custody_____ in _____
   [ ] Already in State Custody
   [X] On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   2      [ ] Petty   [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date  1-5-2010          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: ☒ Yes ☐ No   New Defendant: ☐ Yes ☒ No |
| Pending CR Case in NDTX: ☒ Yes ☐ No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: |
| R 20 from District of _N/A_   Magistrate Case Number N/A |

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☐ Yes ☒ No

   Defendant Name _____ ERIC BRYON LITTLEJOHN II (4) _____

   Alias Name _____

   Address _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Candina S. Heath _____   Bar # __09347450__

   **RECEIVED**

   JAN - 5 2010
   4 pm

   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

3. **Interpreter**

   ☐ Yes ☒ No   If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: Issue arrest warrant

   ☐ Already in Federal Custody _____ in _____
   ☐ Already in State Custody
   ☒ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   1   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date ____1-5-2010____

Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [ ] Yes [X] No |
| Pending CR Case in NDTX: [X] Yes [ ] No   If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of _N/A_   Magistrate Case Number N/A |

**1.   Defendant Information**

Juvenile: [ ] Yes [X] No

If Yes, Matter to be sealed:

[ ] Yes   [X] No

Defendant Name _____ NATHAN TODD SHAFER (5) _____

Alias Name _____

Address _____

_____

County in which offense was committed: _____ Dallas _____

**2.   U.S. Attorney Information**

Candina S. Heath _____          Bar # _09347450_

**3.   Interpreter**

[ ] Yes [X] No   If Yes, list language and/or dialect: _____

**RECEIVED**

JAN - 5 2010

4pm

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**4.   Location Status**

Arrest Date: Issue arrest warrant

[ ] Already in Federal Custody _____ in _____
[ ] Already in State Custody
[X] On Pretrial Release

**5.   U.S.C. Citations**

Total # of Counts as to This Defendant: 1      [ ] Petty   [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date  1-5-2010 _____          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

<table>
<tr><td colspan="2" align="center"><b>Related  Case Information</b></td></tr>
<tr><td>Superseding Indictment:</td><td>X Yes ☐ No   New Defendant: ☐ Yes X No</td></tr>
<tr><td>Pending CR Case in NDTX:</td><td>X Yes ☐ No   If Yes, number: 3:09-CR-249-D</td></tr>
<tr><td colspan="2">Search Warrant Case Number:</td></tr>
<tr><td colspan="2">R 20 from District of  N/A    Magistrate Case Number N/A</td></tr>
</table>

1.   **Defendant Information**

Juvenile: ☐ Yes X No

If Yes, Matter to be sealed:

☐ Yes   X No

Defendant Name _____ MATTHEW NORMAN SIMPSON (6) _____

Alias Name _____

Address _____

_____

County in which offense was committed: _____ Dallas _____

2.   **U.S. Attorney Information**

Candina S. Heath _____         Bar # __09347450__

3.   **Interpreter**

☐ Yes   X No   If Yes, list language and/or dialect: _____

*RECEIVED*
*JAN - 5 2010*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF TEX*

4.   **Location Status**

Arrest Date: Issue arrest warrant

X Already in Federal Custody_____ in _____

☐ Already in State Custody

☐ On Pretrial Release

5.   **U.S.C. Citations**

Total # of Counts as to This Defendant:  4         ☐ Petty   ☐ Misdemeanor   X Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 1512(c)(1) | Obstruction: Destruction of Evidence | 4 |
| 18 U.S.C. § 3559(g)(1) | False Registration of a Domain Name | 7 |

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date ___1-5-2010___          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [ ] Yes [X] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of _N/A_   Magistrate Case Number _N/A_ |

**1.  Defendant Information**

Juvenile: [ ] Yes [X] No

If Yes, Matter to be sealed:

[ ] Yes  [X] No

Defendant Name _____ ALICIA NICOLE CARGILL SMALLWOOD (7) _____

Alias Name _____

Address _____

County in which offense was committed: _____ Dallas _____

**2.  U.S. Attorney Information**

Candina S. Heath _____   Bar # _09347450_

RECEIVED

JAN - 5 2010

4pm

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEX

**3.  Interpreter**

[ ] Yes  [X] No   If Yes, list language and/or dialect: _____

**4.  Location Status**

Arrest Date:

[ ] Already in Federal Custody_____ in _____
[ ] Already in State Custody
[X] On Pretrial Release

**5.  U.S.C. Citations**

Total # of Counts as to This Defendant:  2   [ ] Petty  [ ] Misdemeanor  [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date  1 - 5 - 2010   Signature of AUSA: _____

*Criminal Case Cover Sheet*                                                      Revised 3/5/98

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| Related Case Information |
| --- |
| Superseding Indictment: ☒ Yes ☐ No   New Defendant: ☐ Yes ☒ No |
| Pending CR Case in NDTX: ☒ Yes ☐ No   If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: |
| R 20 from District of __N/A__   Magistrate Case Number __N/A__ |

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☐ Yes ☒ No

   Defendant Name _____ JASON CARTER WATTS (8) _____

   Alias Name _____

   Address _____

   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Candina S. Heath _____      Bar # 09347450

3. **Interpreter**

   ☐ Yes ☒ No   If Yes, list language and/or dialect: _____

   > RECEIVED
   > JAN - 5 2010
   > CLERK, U.S. DISTRICT COURT
   > NORTHERN DISTRICT OF TEXAS

4. **Location Status**

   Arrest Date: Issue arrest warrant

   ☐ Already in Federal Custody _____ in _____
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   2      ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
| --- | --- | --- |
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date ___1-5-2010___          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| | **Related Case Information** |

Superseding Indictment: [X] Yes [ ] No   New Defendant: [ ] Yes [X] No

Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-249-D

Search Warrant Case Number:_____

R 20 from District of  N/A     Magistrate Case Number N/A

1.  **Defendant Information**

    Juvenile: [ ] Yes [X] No

    If Yes, Matter to be sealed:

    [ ] Yes   [X] No

    Defendant Name         WILLIAM MICHAEL WATTS (9)

    Alias Name _____

    Address _____

    County in which offense was committed:          Dallas

2.  **U.S. Attorney Information**

    Candina S. Heath                    Bar # 09347450

    RECEIVED
    JAN - 5 2010
    4pm
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF TEXAS

3.  **Interpreter**

    [ ] Yes [X] No    If Yes, list language and/or dialect:_____

4.  **Location Status**

    Arrest Date: Issue arrest warrant

    [ ] Already in Federal Custody_____ in _____
    [ ] Already in State Custody
    [ ] On Pretrial Release

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant:  2    [ ] Petty  [ ] Misdemeanor  [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date   1-5-2010          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [X] Yes [ ] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of __N/A__   Magistrate Case Number __N/A__ |

1.  **Defendant Information**

    Juvenile: [ ] Yes [X] No

    If Yes, Matter to be sealed:

    [ ] Yes  [X] No

    Defendant Name          LOGAN L. VIG (10)

    Alias Name          _____

    Address          _____

    _____

    County in which offense was committed:          Dallas

2.  **U.S. Attorney Information**

    Candina S. Heath          Bar # __09347450__

3.  **Interpreter**

    [ ] Yes  [X] No     If Yes, list language and/or dialect: _____

    RECEIVED

    JAN - 5 2010

    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF TEXAS

4.  **Location Status**

    Arrest Date: Issue arrest warrant

    [ ] Already in Federal Custody _____ in _____
    [ ] Already in State Custody
    [ ] On Pretrial Release

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant:   3      [ ] Petty  [ ] Misdemeanor  [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 1512(k)(3) 18 U.S.C. § 1512(c)(1) | Obstruction: Destruction of Evidence | 6 |

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date   1-5-2010

Signature of AUSA: _____

*Criminal Case Cover Sheet*                                                                    Revised 3/5/98

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| Related Case Information |
| --- |
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [X] Yes [ ] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| _____ |
| R 20 from District of _N/A_   Magistrate Case Number _N/A_ |

1.  **Defendant Information**

    Juvenile: [ ] Yes [X] No

    If Yes, Matter to be sealed:

    [ ] Yes  [X] No

    Defendant Name _____ ARYA NEAL BEHGOOY (11) _____

    Alias Name _____

    Address _____

    _____

    County in which offense was committed: _____ Dallas _____

2.  **U.S. Attorney Information**

    Candina S. Heath _____        Bar # _09347450_

3.  **Interpreter**

    [ ] Yes [X] No    If Yes, list language and/or dialect: _____

    ```
    RECEIVED
    JAN - 5 2010
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF TEXAS
    ```

4.  **Location Status**

    Arrest Date: Issue arrest warrant

    [ ] Already in Federal Custody _____ in _____
    [ ] Already in State Custody
    [ ] On Pretrial Release

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant:  2   [ ] Petty  [ ] Misdemeanor  [X] Felony

| Citation | Description of Offense Charged | Count(s) |
| --- | --- | --- |
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date _1-5-2010_        Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

<table>
<tr><td colspan="2" align="center">**Related  Case Information**</td></tr>
<tr><td>Superseding Indictment: [X] Yes [ ] No  New Defendant: [X] Yes [ ] No</td></tr>
<tr><td>Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: <u>3:09-CR-249-D</u></td></tr>
<tr><td>Search Warrant Case Number:_____</td></tr>
<tr><td>R 20 from District of <u>N/A</u>   Magistrate Case Number <u>N/A</u></td></tr>
</table>

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes  [X] No

   Defendant Name _____ CHRISTOPHER WAYNE SIGLER (12) _____

   Alias Name _____

   Address _____
   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Candina S. Heath _____   Bar # __09347450__

RECEIVED

JAN - 5 2010
4pm

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3. **Interpreter**

   [ ] Yes [X] No   If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: Issue arrest warrant

   [ ] Already in Federal Custody_____ in _____
   [ ] Already in State Custody
   [ ] On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:  2    [ ] Petty   [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date __1-5-2010__                  Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: X Yes ☐ No    New Defendant: X Yes ☐ No |
| Pending CR Case in NDTX: X Yes ☐ No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of N/A    Magistrate Case Number N/A |

1.  **Defendant Information**

    Juvenile: ☐ Yes  X No

    If Yes, Matter to be sealed:

    ☐ Yes   X No

    Defendant Name _____ MARCUS WILLIAM WENTRCEK (13) _____

    Alias Name _____

    Address _____

    _____

    County in which offense was committed: _____ Dallas _____

2.  **U.S. Attorney Information**

    Candina S. Heath _____   Bar # 09347450 _____

3.  **Interpreter**

    Yes  X No    If Yes, list language and/or dialect: _____

    **RECEIVED**
    JAN - 5 2010
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF TEXAS

4.  **Location Status**

    Arrest Date: Issue arrest warrant

    ☐ Already in Federal Custody _____ in _____
    ☐ Already in State Custody
    ☐ On Pretrial Release

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant:  2    ☐ Petty  ☐ Misdemeanor  X Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date 1-5-2010 _____   Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [X] Yes [ ] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of N/A   Magistrate Case Number N/A |

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes [X] No

   Defendant Name _____ VALERIAN JAMES STOCK (14) _____

   Alias Name _____

   Address _____

   _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Candina S. Heath _____          Bar # 09347450

RECEIVED

JAN - 5 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3. **Interpreter**

   [ ] Yes [X] No      If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: Issue arrest warrant

   [ ] Already in Federal Custody _____ in _____
   [ ] Already in State Custody
   [ ] On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   2   [ ] Petty  [ ] Misdemeanor  [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date 1-5-2010 _____          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: [X] Yes [ ] No    New Defendant: [X] Yes [ ] No

Pending CR Case in NDTX: [X] Yes [ ] No   If Yes, number: 3:09-CR-249-D

Search Warrant Case Number:_____

R 20 from District of _N/A_    Magistrate Case Number _N/A_

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes   [X] No

   Defendant Name       RICKY J. KEELE (15)

   Alias Name       _____

   Address       _____

   County in which offense was committed:      Dallas

2. **U.S. Attorney Information**

   Candina S. Heath      Bar # _09347450_

   **RECEIVED**

   JAN - 5 2010

   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

3. **Interpreter**

   [ ] Yes [X] No    If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: Issue arrest warrant

   [ ] Already in Federal Custody_____ in _____
   [ ] Already in State Custody
   [ ] On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   2    [ ] Petty    [ ] Misdemeanor    [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date   1-5-2010        Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [X] Yes [ ] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of _N/A_   Magistrate Case Number _N/A_ |

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes  [X] No

   Defendant Name _____ DMITRI SHATSKI (16) _____

   Alias Name _____

   Address _____

   County in which offense was committed: _____ Dallas _____

2. **U.S. Attorney Information**

   Candina S. Heath _____   Bar # _09347450_

3. **Interpreter**

   [ ] Yes [X] No   If Yes, list language and/or dialect: _____

   RECEIVED
   JAN - 5 2010
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

4. **Location Status**

   Arrest Date: Issue arrest warrant

   [ ] Already in Federal Custody _____ in _____
   [ ] Already in State Custody
   [ ] On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:  2   [ ] Petty  [ ] Misdemeanor  [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date _1-5-2010_                   Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
|---|
| Superseding Indictment: [X] Yes [ ] No   New Defendant: [X] Yes [ ] No |
| Pending CR Case in NDTX: [X] Yes [ ] No   If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number:_____ |
| R 20 from District of _N/A_   Magistrate Case Number _N/A_ |

**1.     Defendant Information**

Juvenile: [ ] Yes [X] No

If Yes, Matter to be sealed:

[ ] Yes   [X] No

Defendant Name            MILOS VUJANIC (17)

Alias Name            _____

Address            _____

_____

County in which offense was committed:            Dallas

**2.     U.S. Attorney Information**

Candina S. Heath            Bar # _09347450_

**3.     Interpreter**

[ ] Yes   [X] No            If Yes, list language and/or dialect:_____

> RECEIVED
> JAN - 5 2010
> CLERK, U.S. DISTRICT COURT
> NORTHERN DISTRICT OF TEXAS

**4.     Location Status**

Arrest Date: Issue arrest warrant

[ ]  Already in Federal Custody_____in _____
[ ]  Already in State Custody
[ ]  On Pretrial Release

**5.     U.S.C. Citations**

Total # of Counts as to This Defendant:   3            [ ] Petty   [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 1037(a)(2), (b)(2)(C) and 18 U.S.C. § 2) | Fraud and Related Activity in Connection with Electronic Mail and Aiding and Abetting | 2 |
| 18 U.S.C. § 1512(k)(3) 18 U.S.C. § 1512(c)(1) | Obstruction: Destruction of Evidence | 6 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date  1-5-2010            Signature of AUSA:  _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

### Related Case Information

Superseding Indictment: [X] Yes [ ] No   New Defendant: [X] Yes [ ] No

Pending CR Case in NDTX: [X] Yes [ ] No   If Yes, number: 3:09-CR-249-D

Search Warrant Case Number:_____

R 20 from District of _N/A_   Magistrate Case Number _N/A_

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes   [X] No

   Defendant Name      JENNIFER JO GILLILAND (18)

   Alias Name     _____

   Address     _____

   County in which offense was committed:     Dallas

2. **U.S. Attorney Information**

   Candina S. Heath      Bar # _09347450_

   > RECEIVED
   > JAN - 5 2010
   > CLERK, U.S. DISTRICT COURT
   > NORTHERN DISTRICT OF TEXAS

3. **Interpreter**

   [ ] Yes [X] No   If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: Issue arrest warrant

   [ ] Already in Federal Custody_____in _____
   [ ] Already in State Custody
   [ ] On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   1     [ ] Petty    [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date __1-5-2010__      Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information |
| --- |
| Superseding Indictment: [X] Yes [ ] No    New Defendant: [X] Yes [ ] No |
| Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-249-D |
| Search Warrant Case Number: _____ |
| R 20 from District of _N/A_   Magistrate Case Number _N/A_ |

1.    **Defendant Information**

      Juvenile: [ ] Yes [X] No

      If Yes, Matter to be sealed:

      [ ] Yes   [X] No

      Defendant Name _____ CASIMIR A. WOJCIECHOWSKI (19) _____

      Alias Name _____

      Address _____

      _____

      County in which offense was committed: _____ Dallas _____

2.    **U.S. Attorney Information**

      Candina S. Heath _____   Bar # _09347450_

      RECEIVED

      JAN - 5 2010

      CLERK, U.S. DISTRICT COURT
      NORTHERN DISTRICT OF TEXAS

3.    **Interpreter**

      [ ] Yes [X] No    If Yes, list language and/or dialect: _____

4.    **Location Status**

      Arrest Date: Issue arrest warrant

      [ ]  Already in Federal Custody_____ in _____
      [ ]  Already in State Custody
      [ ]  On Pretrial Release

5.    **U.S.C. Citations**

      Total # of Counts as to This Defendant:   1    [ ] Petty   [ ] Misdemeanor   [X] Felony

| Citation | Description of Offense Charged | Count(s) |
| --- | --- | --- |
| 18 U.S.C. § 1349 (§§1341 and 1343) | Conspiracy to Commit Wire and Mail Fraud | 1 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 1037 (c) | Forfeiture | |

Date  1-5-2010                    Signature of AUSA: