```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
              Plaintiff,       §
                               § Criminal No. 3:09-CR-249-D(05)
VS.                            §
                               §
NATHAN TODD SHAFER,            §
                               §
              Defendant.       §
```

## MEMORANDUM OPINION AND ORDER

In this memorandum opinion and order, the court addresses several pretrial motions filed by defendant Nathan Todd Shafer ("Shafer").[1]

I

*Motion to Produce Arrangements with Witnesses*[2]

Shafer moves under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), to require the government to disclose any arrangements, promises, or benefits made or extended to any government witness. Specifically, Shafer requests that the government provide a memorandum detailing the extent and scope of all offers of immunity, promises of leniency, threats of prosecution, promises of assistance, benefits, and

---

[1]The court has separately addressed another motion filed by Shafer. His motion *in limine* will be addressed during or after the pretrial conference.

[2]Shafer filed the motions addressed in §§ I-V on October 8, 2009, in anticipation of the November 16, 2009 trial setting. The trial has since been continued to May 16, 2011.

payments in cash or in kind that have been or will be extended to a government witness or to any person who has provided information to or cooperated with the government. The government has not responded to the motion.

The court grants the motion to the extent disclosure is required by Fed. R. Crim. P. 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, 18 U.S.C. § 3500, and it otherwise denies the motion as exceeding what these authorities require.

II

*Motion for Discovery and Inspection*

Shafer moves for the government to produce 20 categories of evidence for inspection, copying, photographing, or reproduction. The government has not responded to the motion.

A

*Rule 16 Evidence*[3]

Shafer requests that the government disclose information as required by Rule 16 in requests Nos. 1-7, 10-12, 14, 15, and 20. In request No. 1, Shafer requests that the government disclose all written or recorded statements made by Shafer within the possession, custody, or control of the government. In request No. 2, Shafer requests that the government disclose all oral statements, confessions, or admissions by Shafer and any reports or

---

[3]Shafer cited the legal basis for nearly all of his requests. The court addresses Shafer's requests according to the legal bases cited for the required disclosure.

- 2 -

transcriptions thereof. Specifically, Shafer requests that the government disclose the precise words attributed to Shafer that caused the government to conclude that Shafer conspired with his codefendants. In request No. 3, Shafer requests that the government disclose all statements of his codefendants and coconspirators, including, but not limited to, statements of any coconspirator admissible under Fed. R. Evid. 801(d)(2)(E). In request No. 4, Shafer requests that the government disclose Shafer's prior criminal records that the government contends are admissible as impeachment or direct evidence. In request No. 5, Shafer requests that the government disclose instruments, documents, or other tangible objects that were obtained from or allegedly belong to Shafer. Specifically, he requests that the government disclose faxes bearing his name, contracts drafted, signed, executed, or presented by him, and employee files and identification documents of persons he hired. In request No. 6, Shafer requests that the government disclose instruments, documents, writings, papers, books, recordings, transcripts, or other tangible objects that the government plans to offer into evidence against Shafer. In request No. 7, Shafer requests that the government disclose books, papers, documents, instruments, recordings, transcripts, or other tangible objects the government relied upon in returning the indictment against Shafer. In request No. 10, Shafer requests that the government disclose FBI, Texas,

and local arrest and conviction records of witnesses whom the government plans to call against Shafer. In request No. 11, Shafer requests that the government disclose written statements of all persons who have been interviewed by the government but whom the government does not intend to call as witnesses. In request No. 12, Shafer requests under Rules 6(e)(3)(E)(i)[4] and 26.2 that the government disclose transcripts of the testimony of all persons who testified before the grand jury regarding Shafer. In request No. 14, Shafer requests that the government disclose handwriting exemplars, tests, fingerprint impressions, or other physical evidence or test results obtained by the government relating to Shafer. In request No. 15, Shafer requests that the government disclose photographs, film, audio and video recordings, and any written transcriptions thereof of Shafer that relate to the charged offenses. In request No. 20, Shafer requests that the government disclose search and seizure warrants and supporting affidavits issued for Shafer or his property.

To the extent Shafer requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the

---

[4]Rule 6(e)(3)(E)(i) provides that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding[.]" It is a rule that authorizes disclosure of grand jury matters rather than one that requires the government to disclose such matters.

extent his requests exceed what is required by these authorities, the motion is denied.

In addition, the government is not required to provide Shafer with coconspirator statements admissible under Rule 801(d)(2)(E), as requested in No. 3. "[S]everal courts have held that the fact that a coconspirator's statements are viewed as statements by the defendant under [Rule 801(d)(2)(E)] does not make them discoverable under Rule 16(a)(1)(A) or (B)." *United States v. Hansen*, 2005 WL 1206868, at *3 (N.D. Tex. May 18, 2005) (Fitzwater, J.) (citing *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988)). "The admissibility of such statements can be determined at trial and the statements may be considered in light of any other independent evidence." *Id.* (citing *Bourjaily*, 483 U.S. at 180). The court holds that Shafer is not entitled to production of coconspirator statements under Rule 16, and it denies his motion in that respect.

B

*404(b) Evidence*

Shafer requests that the government disclose information as required by Rule 404(b) in requests Nos. 8, 16, and 17. In request No. 8, Shafer requests that the government disclose names, addresses, and telephone numbers of witnesses whom the government expects will testify against Shafer. In request No. 16, Shafer requests that the government disclose names and addresses of each

government witness, including witnesses who will testify to extrinsic offenses or conduct admissible under Rule 404(b). In request No. 17, Shafer requests that the government disclose the existence, date, and place of any extrinsic act, offense, or conduct of Shafer that the government plans to introduce into evidence.

To the extent Shafer requests discovery that the government is obligated to provide under Rule 404(b), Shafer's motion is granted; otherwise, the motion is denied as exceeding what Rule 404(b) requires. The government must provide the notice required by Rule 404(b) no later than the date specified *infra* in § VII.

C

Brady *and* Giglio *Material*

Shafer requests in request No. 19 that the government disclose certain material, as required by *Brady* and *Giglio*. Shafer requests that the government disclose exculpatory or favorable information known to the government or that may become known with due diligence, and information that might lead to exculpatory or favorable material.

To the extent Shafer requests discovery that the government is obligated to provide under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. Otherwise, the motion is denied as exceeding what these authorities require.

D

*Informants*

In request No. 13, Shafer requests that the government disclose names, addresses, and telephone numbers of any informants or other person who gave information leading to the investigation, identification, or arrest of Shafer, or who was a witness to any transaction involving Shafer.

In the government's responses to motions filed by other defendants, it has denied the existence of informants in this case. Shafer's motion is therefore denied as moot. If, however, the government's response to Shafer would be different, it must notify the court *in camera* within seven calendar days of the date this memorandum opinion and order is filed.

E

*Other Material*

In request No. 9, Shafer requests that the government disclose names and addresses of persons who have knowledge pertaining to the allegations against Shafer or who have been interviewed by the government regarding Shafer. In request No. 18, Shafer requests that the government disclose a color copy of any photographic lineup shown to any witness and any related notes.

To the extent Shafer requests discovery that the government is obligated to provide under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. Otherwise,

the motion is denied as exceeding what these authorities require.

F

*Manner of Disclosure*

Shafer requests that the government provide him direction as to the location of documents that relate to Shafer, computers that have some relation to him, and data that relates to the relevant time frame. He argues that because the evidence in this case consists of 200 terabytes seized from 600 computers and 10,000 pieces of paper, the government cannot simply provide this amount of data to Shafer without pointing him to the relevant evidence. In response to other motions in this case, the government avers that it has provided searchable copies of certain documents and has met individually with counsel for the defendants to recommend where counsel focus their review efforts. For example, the government has suggested which hard drive or drives counsel should search. Defense attorneys have also been provided copies of the electronic storage devices.

"As a general rule, the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009), *vacated in part on other grounds*, ___ U.S. ___, 130 S.Ct. 2896 (2010) (citations omitted). A *Brady* violation will not be found where potentially exculpatory information is available to the defendant through an exercise of due diligence. *Id.* In

*Skilling* the defendant argued that "the voluminosity of the government's open file prevented him from effectively reviewing the government's disclosure" and that "no amount of diligence, much less reasonable diligence, could have accomplished this task." *Id.* The panel noted that "[t]here is little case law on whether a voluminous open file can itself violate *Brady*, and the outcomes of these cases seem to turn on what the government does in addition to allowing access to a voluminous open file." *Id.* at 577. It also stated that it was not holding "that the use of a voluminous open file can never violate *Brady*." *Id.*[5] But the panel found no *Brady* violation where the government "did much more than drop several hundred million pages on [the defendant's] doorstep." *Id.* The government's open file was electronic and searchable; the government produced a set of "hot documents" that it thought were important to its case or were potentially relevant to the

---

[5]For instance, the panel stated in *dicta*:

> evidence that the government 'padded' an open file with pointless or superfluous information to frustrate a defendant's review of the file might raise serious *Brady* issues. Creating a voluminous file that is unduly onerous to access might raise similar concerns. And it should go without saying that the government may not hide *Brady* material of which it is actually aware in a huge open file in the hope that the defendant will never find it. These scenarios would indicate that the government was acting in bad faith in performing its obligations under *Brady*.

*Skilling*, 554 F.3d at 577.

defendant's defense; the government created indices to these and other documents; and it provided the defendant with access to various databases concerning prior litigation involving his company. *Id.* The panel noted that "there is no evidence that the government found something exculpatory but hid it in the open file with the hope that [the defendant] would never find it." *Id.*

> [C]onsidering the additional steps the government took beyond merely providing [the defendant] with the open file, the equal access that [the defendant] and the government had to the open file, the complexity of [the defendant's] case, and the absence of evidence that the government used the open file to hide potentially exculpatory evidence or otherwise acted in bad faith, . . . the government's use of the open file did not violate *Brady*.

*Id.* In response to Shafer's codefendants, the government has acknowledged its obligations to comply with *Brady* and *Giglio*, and it has taken additional steps, described above, some of which are of the type cited with approval in *Skilling*, to facilitate Shafer's review of the evidence. The court concludes that Shafer is entitled to no greater relief.

III

*Motion for Production of Witness Statements*

Shafer moves for production of witness statements. Specifically, he requests that the government disclose: (1) written or recorded statements of testifying witnesses; (2) any prosecution or investigative agency report concerning facts testified to and adopted by a witness; and (3) any writings prepared by the

- 10 -

prosecution relating to the testimony of a government witness and approved by the witness. Shafer argues that the government must disclose this evidence under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2(f). The government has not responded to the motion.

To the extent Shafer requests disclosure that is required by Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the court grants the motion. Otherwise, his motion is denied.

IV

*Motion for Notice under Rule 12(b)(4)*

Shafer moves for pretrial notice under Rule 12(b)(4) of the government's intent to use evidence at trial discoverable under Rule 16. The government has not responded to the motion. To the extent Shafer requests discovery authorized by Rules 12(b)(4) and 16, the court grants the motion; otherwise, the motion is denied as exceeding what is required by these rules. The government shall provide no later than March 31, 2011 at noon discovery under Rule 12(b)(4).

No later than April 8, 2011 at noon, Shafer may file──without leave of court──a motion to suppress which he could not reasonably have filed until he received the government's disclosure under Rule 12(b)(4).

V

*Motion for* Brady *and* Giglio *Material*

Shafer moves for disclosure of exculpatory and favorable evidence as required by *Brady* and *Giglio*. He lists 14 categories of exculpatory evidence, but he states that the list is non-exhaustive and that his request should be interpreted broadly. The government has not responded to the motion.

To the extent Shafer requests discovery that is required under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the court grants the motion; otherwise, the motion is denied as exceeding what these authorities require.

VI

*Second Motion for Discovery and Inspection*

Shafer moves for discovery and inspection of evidence.[6] Shafer seeks production of (1) evidence related to Shafer referenced in the indictment and in the search warrant affidavits; (2) the government's anticipated exhibits related to Shafer; and (3) computers or documents that belong to, were generated by, or were used by Shafer to engage in the conduct alleged in the indictment. Shafer requests four types of materials: (1) hard drive production; (2) documents referenced in the indictment; (3) Crydon emails; and (4) eyewitness identification evidence. The government agrees to

---

[6]Shafer filed this motion on December 10, 2010. Shafer states that he intends this motion to supplement his prior motions for discovery and inspection, which the court addresses in §§ I-V.

comply with its obligations under Rule 16. The government opposes Shafer's motion to the extent that his requests exceed what Rule 16 requires.

A

*Hard Drive Production*

Shafer requests that the government produce 80 emails identified as relevant to Shafer by FBI Special Agent Allyn Lynd ("Agent Lynd") and a forensic copy of a laptop computer used by Shafer at the business offices of codefendant Michael Blaine Faulkner ("Faulkner") and Crydon, Faulkner's business. Shafer states that the government provided him a copy of the laptop's hard drive, but because the hard drive contains 1.5 terabytes of data, Shafer would need 45 to 105 days to convert the hard drive to viewable files. Shafer requests that the court order the government to provide this discovery in searchable PDF format. Shafer also requests—apparently in the alternative—that the government provide a forensic copy of the laptop that will be loaded onto another computer that will operate like the laptop.

The government responds that Shafer is mistaken in several respects. First, the government argues that Shafer is mistaken about what is required to view and process the hard drive the government provided to Shafer. The government asserts that Shafer is mistaken about the processing time required to view files on the laptop's hard drive. According to the government, there is no

processing time to simply view the files; rather, a free viewer available online enables Shafer to view the files instantly.

Second, the government argues that it has provided and continues to provide discovery to Shafer. The government avers that it has conducted personal discovery sessions with the defense attorneys to highlight specific evidence relevant to each defendant and where to find it in the discovery. Third, the government agrees to provide Shafer marked exhibits pursuant to the court's order and the local rules. Fourth, the government argues that Shafer has erroneously calculated the amount of time for forensic processing and that Shafer has been in possession of the hard drive for over 300 days. Fifth, the government maintains that it has no PDF documents because it reviews the documents using a forensic tool. Sixth, the government posits that the forensic image of the hard drive provided to Shafer can be (1) viewed for free with the online tool; (2) processed and examined with a forensic tool; or (3) restored by Shafer, which allows another computer to operate like the laptop.

Because of the volume of discovery in this case, the court appointed a coordinating discovery attorney to assist with discovery between the government and the defendants. The discovery attorney has arranged for key discovery provided by the government to be processed into a readable format and provided to defense counsel. The discovery attorney has notified the court that this

process will be completed soon, and Shafer will be provided with key discovery in readable format. To the extent such is provided to Shafer, Shafer's motion is denied as moot. As to other discovery, the court is satisfied with the government's production as discussed *supra* § II(F). Shafer's motion is denied as to this request.

B

*Documents Referenced in the Indictment*

Shafer requests that the government provide particular documents referenced in ten numbered paragraphs in the indictment. He argues that because the government mentioned these documents in the indictment, the government has segregated these documents and can easily provide them to him. Specifically, Shafer requests (1) documents used by him to obtain service for Incavox from AT&T; (2) a fax sent by Shafer to the Texas Secretary of State to change the name of NTS Consulting to Incavox; (3) documents used by Shafer to assume a different identity and to open bank accounts, create corporations, and amend corporate information; (4) a fax sent to AT&T by Shafer purporting to verify Incavox's credit; (5) false information used by Shafer to verify Incavox's credit; (6) a fraudulently manufactured bill purporting to be from Verizon; (7) emails from Shafer ordering service for Incavox from Verizon; (8) emails from Shafer ordering service for Incavox from SmartisVoip.com; (9) falsified credit applications and order forms

used by Shafer; (10) false credit references from Chase Bank; (11) a manufactured Verizon invoice sent to AT&T; (12) documents that reflect that Shafer received and did not pay for services from Smartis Voip; (13) identity information and an order form used by Shafer to order service from Waymark Internet Services for Incavox; (14) emails from Shafer to Cogent Communications using a different identity and ordering service for Incavox; and (15) documents reflecting that Shafer through Incavox received and did not pay for services from XO Communications.

The government responds that it has provided Shafer with the disclosures he requests. The government lists the forms in which the disclosures were provided to Shafer and where he can find the documents he seeks. The government also provides in its response a chart listing the items Shafer seeks and where they can be found, including Bates stamp numbers and document numbers. The government maintains that it has complied with its disclosure obligations. The court concludes that the government has provided the materials to Shafer to the extent required, and it denies his motion insofar as he seeks greater relief.

C

*Crydon Emails*

Shafer requests that the government disclose emails to and from Shafer using an email address that ends in "crydon.net." The government responds that Shafer has some of the requested emails on

the hard drive that is in his possession. The government generally agrees to comply with its obligations under Rule 16. To the extent the government has already provided the required disclosure or has agreed to comply with its obligations under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the court denies Shafer's motion as moot. Otherwise, the court denies his motion as exceeding what these authorities require.

D

*Eyewitness Identification Evidence*

Shafer requests that the government provide the name and address of any business Shafer visited using another identity, any person with whom Shafer spoke at such location, and any person who identified Shafer. The government agrees to provide Shafer with information concerning any witness identification. The court therefore denies Shafer's motion in this respect as moot.

VII

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure or that the court has set an earlier deadline for disclosure under Rule 12(b)(4), the government must comply no later than April 25, 2011 at noon with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Shafer has requested. Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the

government must disclose such statements no later than the end of the business day that precedes the date on which Shafer will begin his cross-examination of a witness. The government must comply with the deadline for making an *in camera* disclosure of informants as specified *supra* in § II(D).

**SO ORDERED.**

March 21, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE