IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:09-CR-249-D(05) |
| VS. | § |
| | § |
| NATHAN TODD SHAFER, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Nathan Todd Shafer ("Shafer") moves the court to sever his trial from the trial of his codefendants.* For the reasons that follow, the court denies the motion.

I

The court has set out the relevant background facts and procedural history in prior opinions in this case. *See United States v. Faulkner,* No. 3:09-CR-249-D, slip op. at 2-5 (N.D. Tex. Dec. 28, 2010) (Fitzwater, C.J.); *United States v. Haney*, 2009 WL 3363821, at *1 (N.D. Tex. Oct. 19, 2009) (Fitzwater, C.J.). The court will therefore briefly summarize the background facts and

---

*Shafer filed this motion on April 4, 2011. In its March 22, 2011 order, the court permitted all defendants to file without leave of court by April 4, 2011 any pretrial motions that they could not reasonably have filed by the December 10, 2010 pretrial motion deadline and any motions pertaining to the third superseding indictment. Shafer could reasonably have filed this motion prior to the December 10, 2010 pretrial motion deadline, but, as explained in the court's December 28, 2010 order, the court will not now require him to demonstrate cause for the late filing because the government did not oppose his filing the motion by the April 4, 2011 deadline.

procedural history pertinent to the instant motion.

Shafer is among 19 defendants (17 of whom have appeared) charged with the offense of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349. "The government accuses the defendants of being part of a conspiracy that lasted six years (from 2003 to 2009) and involved a loss calculated at approximately [$20] million as of the date of the [third superseding] indictment." *Haney*, 2009 WL 3363821, at *1. The scope of the alleged conspiracy is wide——involving 19 persons, numerous sham companies, and several victim companies——and the alleged criminal activities are primarily electronic in nature. The third superseding indictment contains eight counts against the defendants and a forfeiture notice. Shafer is charged in count one with the offense conspiracy to commit mail and wire fraud, and he is included in the forfeiture notice.

Shafer moves under Fed. R. Crim. P. 14 to sever his trial from the trial of his codefendants. He points out that the indictment charges eight counts and includes a forfeiture notice; alleges events as far back as 2001; charges a conspiracy offense that began in March 2003 and continued through January 2010; and charges other codefendants in several other counts (including fraud and related activity in connection with electronic mail, obstruction of justice, and false registration of a domain name). Shafer points out that he is only charged in the conspiracy count and named in

the forfeiture notice (seeking forfeiture of $2,652.96), and his involvement in the events alleged in the indictment began in October 2008 and ceased in April 2009. Shafer argues that the events alleged in the conspiracy count are exceedingly complex, alleging a conspiracy by other codefendants undertaken over a period of nearly seven years. He maintains that, of the 142 paragraphs in the third superseding indictment that allege the commission of overt acts, he alleged in only 10 paragraphs to have engaged in conduct that was part of the conspiracy, and he is only mentioned in conjunction with four codefendants. Shafer contends that the overt acts allege the involvement of about 20 different companies, but he is mentioned in conjunction with only four of them, and the companies through which the codefendants operated were created before his alleged involvement in October 2008. Shafer maintains that "[a] plain reading of the indictment shows that [he] is a fringe player in the charged conspiracy whose alleged culpability is significantly less, and whose involvement was for a short period of time, compared to most of his co-defendants." Mot. 2. He posits that he will be unfairly prejudiced by being associated at trial with over six years of unlawful conduct, 14 defendants and 16 corporations with which he was not involved; there will be a natural tendency for the jury to convict him based on the conduct of others with whom he is associated by merely being named in the same indictment and sitting in the same courtroom; the

spillover effect cannot be negated by jury instructions because of the sheer volume of evidence, and greater culpability of other defendants and number of defendants; and requiring him to stand trial under these circumstances is fundamentally unfair and a violation of due process of law. Shafer posits that considerations of the judicial resources involved in trying him separately are easily outweighed by the prejudice he will suffer as an allegedly minor participant in the charged conspiracy by being tried jointly.

The government opposes the motion. It contends that Shafer was a significant, not merely peripheral, participant in the alleged conspiracy; he created shell companies and concealed the true identities of his coconspirators, causing nearly $2 million in losses to one victim over the course of eight months; he has not shown a serious risk that he will suffer specific and substantial prejudice if he is tried with his codefendants; cautionary instructions will adequately allow the jury to distinguish among the evidence relevant to Shafer and his codefendants; and he has not shown that any prejudice he may suffer as a result of a joint trial will outweigh considerations of judicial economy, which are particularly pertinent given the length and complexity of this case.

II

The oft-cited general rule in this circuit is that codefendants who are indicted together should be tried together. *See, e.g., United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992) (citing *United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir. 1989)). "Joinder is the rule rather than the exception." *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). In particular, codefendants charged with conspiracy should be tried together. *See United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993); *see also United States v. Featherson*, 949 F.2d 770, 773 (5th Cir. 1991) ("This rule is especially strong when the defendants are charged with committing the same conspiracy.").

A district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reasonable judgment about guilt. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). A defendant must demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection. *See United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990) (citations omitted).

> In order to obtain severance under Rule 14, the defendants have the difficult burden of proving that they will suffer the most compelling prejudice from continued joinder

> . . . . The test for such prejudice is [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.

*United States v. Zicree,* 605 F.2d 1381, 1388-89 (5th Cir. 1979) (citing *United States v. Wasson,* 568 F.2d 1214, 1222 (5th Cir. 1978)).

The court must balance the potential prejudice to Shafer against the public interest in joint trials. *See United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. Jun. 23, 2008) (Fitzwater, C.J.) (citing *United States v. Berkowitz,* 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981)). Even when the evidence in a case is "both massive and complex," the court can "explicitly instruct[] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield,* 590 F.3d 325, 356 (5th Cir. 2009). "Limiting instructions such as these are generally sufficient to prevent the threat of prejudice resulting from unsevered trials." *Id.* (internal quotation marks and citations omitted).

Moreover, "prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant . . . does not require severance[.]" *United States v. Potashnik,* 2008 WL 5272807, at *8 (N.D. Tex. Dec. 17,

2008) (Lynn, J.) (citing *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996)). "Similarly, a quantitative disparity in the *amount* of evidence offered against one defendant in relation to other co-defendants is also normally insufficient to warrant severance under Rule 14[.]" *Id.* (citing *Pofahl,* 990 F.2d at 1482). Even if more damaging evidence is presented against one defendant than another, severance is not the proper means of confining "spillover" evidence. The pernicious effect of cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government. *See Piaget,* 915 F.2d at 142; *United States v. Harrelson,* 754 F.2d 1153, 1175 (5th Cir. 1985). The decision to grant a severance under Rule 14 on the ground that the joinder of the defendants prejudices one defendant lies within the trial court's discretion. *Neal*, 27 F.3d at 1045.

III

Shafer has not demonstrated that the court should vary from the normal rule that defendants charged with the same conspiracy should be tried together. He has not carried his "difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder." *Zicree,* 605 F.2d at 1388-89. In his motion, Shafer describes how his alleged involvement in the offenses charged in the third superseding indictment compares to that of certain other codefendants, and he maintains that it is relatively

minor in comparison to these codefendants in particular. But he has not established that there is a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reasonable judgment about his guilt. And he has failed to demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection.

Essentially, Shafer asks the court to assume that he will receive an unfair trial and suffer compelling prejudice based on the more extensive alleged involvement of a few other codefendants. He makes the conclusory assertion that "[t]he spillover effect of all of the foregoing cannot be negated by jury instructions because of the sheer volume of evidence, greater culpability of other defendants and number of defendants." Mot. at 3. But if this assertion were sufficient, a severance would almost always be justified in a multidefendant case that involves apparent disparities in the volume of evidence and culpability of codefendants. Yet it is settled that a quantitative disparity in the evidence is itself insufficient to justify severance, *see Pofahl*, 990 F.2d at 1483, and that limiting instructions are generally sufficient, *see Whitfield,* 590 F.3d at 356.

This court can properly instruct the jury that it is to consider separately the evidence offered against each defendant. *See Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the

minor in comparison to these codefendants in particular. But he has not established that there is a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reasonable judgment about his guilt. And he has failed to demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection.

Essentially, Shafer asks the court to assume that he will receive an unfair trial and suffer compelling prejudice based on the more extensive alleged involvement of a few other codefendants. He makes the conclusory assertion that "[t]he spillover effect of all of the foregoing cannot be negated by jury instructions because of the sheer volume of evidence, greater culpability of other defendants and number of defendants." Mot. at 3. But if this assertion were sufficient, a severance would almost always be justified in a multidefendant case that involves apparent disparities in the volume of evidence and culpability of codefendants. Yet it is settled that a quantitative disparity in the evidence is itself insufficient to justify severance, *see Pofahl*, 990 F.2d at 1483, and that limiting instructions are generally sufficient, *see Whitfield,* 590 F.3d at 356.

This court can properly instruct the jury that it is to consider separately the evidence offered against each defendant. *See Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the

minor in comparison to these codefendants in particular. But he has not established that there is a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reasonable judgment about his guilt. And he has failed to demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection.

Essentially, Shafer asks the court to assume that he will receive an unfair trial and suffer compelling prejudice based on the more extensive alleged involvement of a few other codefendants. He makes the conclusory assertion that "[t]he spillover effect of all of the foregoing cannot be negated by jury instructions because of the sheer volume of evidence, greater culpability of other defendants and number of defendants." Mot. at 3. But if this assertion were sufficient, a severance would almost always be justified in a multidefendant case that involves apparent disparities in the volume of evidence and culpability of codefendants. Yet it is settled that a quantitative disparity in the evidence is itself insufficient to justify severance, *see Pofahl*, 990 F.2d at 1483, and that limiting instructions are generally sufficient, *see Whitfield,* 590 F.3d at 356.

This court can properly instruct the jury that it is to consider separately the evidence offered against each defendant. *See Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the

evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, severance should not be granted. See *United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990). Shafer has not demonstrated that, under all the circumstances of this particular case, the jury cannot, as a practical matter, follow the court's admonitory instructions and collate and appraise the independent evidence against Shafer solely upon his own acts, statements, and conduct. Because Shafer has failed to prove that the jury will not be able to compartmentalize the evidence against the various defendants or to apply that evidence in accordance with the jury charge—in which the court anticipates that the jury will be instructed to consider only the evidence offered against the defendant in question—he has failed to demonstrate that the court should grant a severance.

Accordingly, balancing the potential prejudice to Shafer against the public interest in a joint trial, the court denies his motion for severance.

* * *

Shafer's April 4, 2011 motion for severance for relief from prejudicial joinder under Rule 14 is denied.

**SO ORDERED.**

June 14, 2011.

                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE