IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:09-CR-249-D(05) |
| VS. | § |
| | § |
| NATHAN TODD SHAFER, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Nathan Todd Shafer ("Shafer") moves for a judgment of acquittal, or, alternatively, for a new trial following his conviction by a jury of the offense of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349. For the reasons that follow, the court denies the motion.

Shafer contends he is entitled to a judgment of acquittal because there is insufficient evidence of his knowledge or intent to join the conspiracy. He also maintains that the testimony of William Watts ("W. Watts") that placed him at a key meeting with codefendants Michael Blaine Faulkner and Matthew Norman Simpson was so lacking in credibility that the testimony could not have been relied on as competent evidence to convict him. Shafer is not entitled to a judgment of acquittal on this basis.

First, Shafer's counsel extensively cross-examined W. Watts and argued to the jury in closing that he was not credible in key aspects of his testimony. It was the province of the jury to decide whether the testimony of W. Watts was credible. *See, e.g., United States v.*

*Dadi*, 235 F.3d 945, 951 (5th Cir. 2000) ("The credibility of witnesses is a matter for the jury and its determinations demand deference." (citing *United States v. Meshack*, 225 F.3d 556, 567 n.6 (5th Cir. 2000)). "One of the oldest established rules of Anglo-American jurisprudence is that the jury is the arbiter of credibility of witnesses." *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976). And Shafer relies on cases from other circuits—not the Fifth Circuit—to argue that the district court is authorized to reject testimony under Fed. R. Crim. P. 29 on the basis that the testimony "is incredible on its face." D. Br. 5. But this circuit adheres to the rule that

> [t]he established safeguards of an Anglo-American legal system leave the veracity of a witness to be detected by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury. The trial judge cannot arrogate to himself this power of the jury simply because he finds a witness unbelievable.

*Cravero*, 530 F.2d at 670 (quoting *Hoffa v. United States*, 385 U.S. 293, 311 (1966)).

Second, viewing the trial evidence in favor of the verdict, a rational jury could have found from all of the evidence in the case—including the circumstantial evidence—that the government proved beyond a reasonable doubt all of the essential elements of the conspiracy offense as to Shafer. *See, e.g., United States v. Wise*, 221 F.3d 140, 147 (5th Cir. 2000) (addressing standard for appellate review of sufficiency of evidence). For example, there was significant evidence at trial that Shafer recruited and arranged for homeless people to become corporate officers, directors, and managers so that shell companies could buy and sell stolen telephone minutes and Internet bandwidth.

To the extent Shafer seeks a new trial based on each ground raised in his motion for judgment of acquittal, he has not shown that he is entitled to relief. "[M]otions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "The remedy of a new trial is rarely used; it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *Id.* (quoting *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996)) (internal quotation marks omitted). Shafer has not established either a miscarriage of justice or that the evidence preponderates heavily against the verdict.

Shafer also seeks a new trial based on the contention that the court improperly admitted certain government exhibits. The court concludes that it did not err in admitting these exhibits. And even if the court assumes *arguendo* that it did err, Shafer has not established that he was prejudiced, *see United States v. Yi*, 460 F.3d 623, 631 (5th Cir. 2006) (addressing appellate standard of review), much less that any such error resulted in a miscarriage of justice.

Shafer maintains that he is entitled to a new trial because certain evidence offered at trial alerted him to the fact that the computers of trial witnesses might have contained exculpatory evidence. Even if the court assumes *arguendo* that this evidence was new and that Shafer could not have known about it before trial, Shafer became aware of the evidence relatively early in a trial that commenced with jury selection on October 11, 2011 and concluded with the jury guilt-phase verdict on December 20, 2011, a period of some 2½

months. The court did not hold trial on Fridays, and there were several mid-trial hiatuses. Shafer has not shown why, during a trial of this length and after learning of the potentially exculpatory evidence, he could not have obtained this evidence by subpoena, through a request for court assistance, or from other materials produced during pretrial discovery. Shafer has therefore failed to demonstrate that he is entitled to a new trial on this basis.

Nor has Shafer shown that he is entitled to a new trial based on the cumulative effect of the alleged errors on which he relies.

Finally, Shafer seeks a new trial based on alleged defects in the court's charge. A court's jury instructions, as a whole, must correctly state the law and clearly instruct jurors as to the principles of the law applicable to the factual issues confronting them. *See, e.g., United States v. Dien Duc Huynh*, 246 F.3d 734, 738 (5th Cir. 2001). The court's charge met this standard. Shafer has failed to demonstrate that the court committed an error in instructing the jury that is sufficient to warrant a new trial.

\* \* \*

Shafer's motion for a judgment of acquittal, or, alternatively, for new trial is denied.

**SO ORDERED**.

March 1, 2012.

                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE